MARY HALLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39268.   Promulgated June 13, 1932.

*Joseph Getz, Esq.,* and *Wm. J. Byrne, Esq.,* for the petitioner.
*J. F. Foley, Esq.,* and *C. C. Maddox, Esq.,* for the respondent.

396

OPINION.

Van Fossan: In *Mary Haller*, 14 B. T. A. 488, deficiencies in the income taxes of the present petitioner for the years 1917 to 1923, inclusive, were in controversy. In opposing those deficiencies the petitioner contended, among other things, that "under the will of Jacob Haller construed in the light of surrounding circumstances at the time of his death one-seventh of the income is distributable to her and one-seventh to each of the six children who were living during the taxable years." Substantially the same contention is made in the present proceeding. In our former decision we held in substance that the will of Jacob Haller and the codicil thereto created for the petitioner a life estate in the net profits of the grocery business, referred to in the findings of fact herein, and that there was nothing in the proof indicating that at the time Jacob Haller executed the codicil and at the time of his death he intended the petitioner and his children to share equally in the profits of the business. We said: "There is no basis on which we can say that it was the intention of the testator that his widow should be under the duty

to pay over to the children any part of the income which, under the will, was payable to her. Nor is there any evidence sufficiently definite to permit us to determine that the operation of the business was continued under any agreement which superseded the provisions of the will." The petitioner contends in this proceeding that there was such an agreement between her and the six living children of Jacob Haller, and that an equal partnership in the profits of the business for the years 1924 and 1925 was created thereby. The respondent urges, however, that our decision in the former case is conclusive with respect to the question of whether or not under the will of Jacob Haller the entire net income of the grocery business was taxable to the petitioner, and is also conclusive upon the question of whether or not the petitioner, her daughters and stepsons had entered into any agreement prior to December 31, 1923, whereby the provisions of the will were superseded.

It is well settled that, in the absence of fraud or collusion, a judgment of a competent tribunal is conclusive upon the parties thereto and upon those in privity with them as to all questions involved in the controversy. *Russell.* v. *Place*, 94 U. S. 606; *Southern Pacific Railroad* v. *United States*, 168 U. S. 1; *Northern Pacific Company* v. *Slaght*, 205 U. S. 122. In *Jahncke Service*, 20 B. T. A. 837, we applied this principle, holding in effect that when a corporate taxpayer's liability for a deficiency in tax has been determined by the Board a transferee who was a stockholder of the taxpayer would not be heard to contest the taxpayer's liability for the determined deficiency.

The petitioner asserts, however, that the question of whether or not a partnership in the profits of the grocery business was created by agreement between the petitioner and the six living children of Jacob Haller was not litigated or decided in *Mary Haller, supra*. It may be said, however, that, even if that exact question was not decided, we held, as hereinbefore stated, that there was no evidence sufficiently definite to permit us to determine that the operation of the business was continued under any agreement which superseded the provisions of Jacob Haller's will.

It was said by the Supreme Court of the United States in *Cromwell* v. *County of Sac*, 94 U. S. 351, 353:

The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim, having passed into the judgment, can not aga'n be brought into litigation between the parties in proceedings at law upon any ground whatever.

Applying the principles enunciated by the Supreme Court in the foregoing quotation from *Cromwell* v. *County of Sac*, it follows that

our former decision concludes the petitioner from asserting that a partnership in the profits of the grocery business existed at any time during the years in controversy in the former proceedings, i. e., prior to January 1, 1924. In accordance with the same principles our former decision is conclusive as to the construction of the will of Jacob Haller and the codicil thereto to the effect that under the will the children of Jacob Haller had no legal interest in the net profits of the grocery business. But, even if that decision were not conclusive in the respects set forth, we find nothing in the will of Jacob Haller or in the codicil thereto or in the facts in evidence in the present proceeding which alters the views concerning the construction of the codicil to the will expressed in our former decision. In accordance with the decisions of the Pennsylvania courts cited in that decision, it is clear that under the terms of the will and codicil the petitioner had a life estate in the net profits of the grocery business founded by Jacob Haller and to be carried on by his executors. Under the terms of the will and codicil the petitioner was not accountable to any of the children for any part of the net profits. Nor is there convincing evidence in the instant proceeding that she assigned or gave to the children or any of them any part of her beneficial property right in the net profits of the grocery business or in an other way divested herself of any part in that right prior to January 1, 1924.

In *Cromwell* v. *County of Sac, supra*, the Supreme Court stated further as follows:

> It is not believed that there are any cases going to the extent that because in the prior action a different question from that actually determined might have arisen and been litigated, therefore, such possible question is to be considered as excluded from consideration in a second action between the same parties on a different demand, although loose remarks looking in that direction may be found in some opinions. On principle, a point not in litigation in one action can not be received as conclusively settled in any subsequent action upon a different cause, because it might have been determined in the first action.

The demand in the present proceeding is for a redetermination of the deficiencies in income taxes for the years 1924 and 1925. These deficiencies were not in controversy in the former proceedings. It may, therefore, be determined whether or not, during the years now in question, a partnership in the profits of the grocery business existed between the petitioner and the six living children of Jacob Haller, deceased. In solving this problem it should be borne in mind that the executors of the will of Jacob Haller had not accounted prior to those years and did not account during either of those years. During those years the legal title to the assets of the grocery business founded by Jacob Haller and to be carried on by his executors under the terms of the will was still vested in the executors. Under the

will the petitioner had no title to the assets of the business. She had only an interest in the business during her lifetime. The petitioner contends, however, that at some time prior to 1924 or at the beginning of that year she permanently and absolutely divested herself of her property right in six-sevenths of the profits of the grocery business, giving one-seventh of this property right to each of the children of Jacob Haller and keeping one-seventh interest for herself. She also contends that she and the six living children allowed the larger portion of the profits accruing to each to accumulate in the business; that there was an understanding that each of the seven would share equally in both the profits and losses of the business; that the setting up of capital accounts as of December 31, 1923, as stated in the findings of fact and the equal distribution of the net profits of the business in 1924 and 1925 were in accordance with such understanding and that, by reason of all these facts, a partnership existed between them during the taxable years now in question.

If the petitioner divested herself of any part of her property right she did so by making a gift of a part of that right to each of the living children of Jacob Haller, deceased. This Board has recently said, in *Mary Katharine Dulin et al.*, 25 B. T. A. 1259:

> * * * To constitute a gift in contemplation of law, there must be (1) an intention on the part of the donor to give—that is, to surrender complete control and dominion over the property to the donee; (2) there must be an acceptance of the gift by the donee; and (3) there must be a transfer of title accompanied by delivery of the property. *Charles Greenblatt*, 2 B. T. A. 77; *Estate of Davis R. Daly*, 3 B. T. A. 1042; *F. J. Vlchek*, 7 B. T. A. 1244; *J. T. Lupton*, 19 B. T. A. 166.

See also *Allen-West Commission Co.* v. *Grumbles*, 129 Fed. 287–290; *Edson* v. *Lucas*, 40 Fed. (2d) 398, 404.

It is our opinion that it is not to be concluded from the evidence in this proceeding that there was an intention on the part of the petitioner to surrender to the six children of Jacob Haller complete control and dominion over all of her beneficial property right in the grocery business excepting only one-seventh thereof. There is some evidence in the record that it was the " understanding " of the petitioner and Jacob Haller's living children that they were all to share equally in the profits of the business. It seems fairly inferable, however, that this understanding grew out of their own interpretation of the provisions of Jacob Haller's will and codicil. In other words, the petitioner and the six living children understood that the will and codicil of Jacob Haller provided, in effect, that the petitioner and the decedent's children should share equally in the profits of the business. Such an understanding would not supersede the proper interpretation of the codicil under the law nor control its legal incidences. This erroneous understanding of the legal

effect of the testament does, however, negative the existence of an intention to make a gift. Petitioner could not intend to give the daughters and sons that which she understood was already theirs.

Likewise, the evidence does not satisfactorily show that any agreement existed between the petitioner and the children in 1924 and 1925 which created a partnership in the profits of the grocery business. Though, with the assent of the petitioner, there had been equal distributions of sums of money in 1914 and 1920, we are not convinced by the mere fact of these distributions that the petitioner had divested herself of her property right in the grocery business. The evidence as to the existence of a partnership prior to 1926 leaves too much to inference and conjecture. If a partnership had existed prior to 1926, it would have been normal to dissolve the same when the new partnership among the children and excluding the petitioner was formed. The partnership agreement entered into in July, 1926, however, makes no reference to a preexisting partnership nor does it purport to be a confirmation of any previous understanding. The language of the contract is that the parties " do hereby form a partnership " and " the date upon which the partnership shall commence shall be January 1, 1926." It is but reasonable to assume that language of different tenor would have been used had the partnership existed in fact prior thereto. It is likewise significant that no partnership returns were filed for the taxable years.

The fact that in 1923 capital accounts in the name of each of the children were set up on the books is not controlling. This is but one of many facts to be weighed.

In 1926, however, the petitioner appears to have divested herself of all rights in the grocery business and to have received in exchange therefor certain real estate situated in the city of Erie. This arrangement seems to have been entered into with the assent of the executors, who filed their final accounting immediately after the partnership agreement was entered into on July 1, 1926, by the daughters and stepsons of Mary Haller. This partnership agreement and the distribution of the estate set forth in the final accounting of the executors disclose that in 1926 the petitioner transferred her interest in the grocery business to her daughters and stepsons and that the daughters and stepsons formed a partnership. These facts are not proof of the contention that the petitioner and the six children of Jacob Haller had, by agreement, created a partnership in the grocery business prior to or during 1924 and 1925.

We can not hold on the evidence that the petitioner ever divested herself of her sole right to the net profits of the business or that any of the children ever acquired an enforceable interest in the business prior to the execution of the written partnership instrument in 1926 and the contemporaneous distribution of the estate of Jacob Haller.

From the foregoing it follows that the respondent did not err in holding that the whole of the net profits of the grocery business for the years 1924 and 1925 is taxable to the petitioner.

*Decision will be entered for the respondent.*