PORTAGE SILICA COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 21904, 25445, 33691, 40846, 45801, 49885, 66438.

Promulgated January 23, 1934.

*William J. Dawley, Esq., Olive Payne Deering, Esq.,* and *Oscar I. Koke, C.P.A.,* for the petitioner.

*H. A. Cox, Esq.,* and *T. A. Dils, Esq.,* for the respondent.

OPINION.

TRAMMELL: These are consolidated proceedings for the redetermination of a deficiency in income and profits taxes for the year 1920 and of deficiencies in income tax for the years 1922 to 1929, both inclusive, as follows:

| Docket No. | Year | Deficiency | Docket No. | Year | Deficiency |
|---|---|---|---|---|---|
| 21904 | 1920 | $21,094.11 | 40846 | 1926 | $6,299.88 |
| 25445 | 1922 | 6,534.92 | 45801 | 1927 | 5,178.55 |
| 33091 | 1923 | 5,088.74 | 49885 | 1928 | 4,523.72 |
| 40846 | 1924 | 4,091.04 | 66438 | 1929 | 47,264.24 |
| 40846 | 1925 | 3,747.49 | | | |

The issues are (1) whether or not the determination by the Board, in a former proceeding, of the fair market value of the petitioner's sand and gravel deposit at March 1, 1913, is *res judicata* and conclusive in respect of the same fact in the present proceedings, and, if not, then (2) what the fair market value as of March 1, 1913, of the petitioner's deposit of sand and gravel was for the purpose of computing depletion deductions and profit or loss from sale.

The petitioner is an Ohio corporation, organized in 1908, with its principal office at Youngstown, and since about the year 1909 has been the owner of certain lands containing deposits of sand and gravel.

On August 4, 1925, the respondent mailed a notice to the petitioner asserting a deficiency in its income and profits taxes for the year 1918, and on October 3, 1925, the petitioner filed with this Board a petition contesting the proposed deficiency. The petition was docketed as No. 7744. On December 1 and 2, 1926, a hearing was had in the proceeding, at which evidence was submitted in behalf of both the petitioner and the Commissioner, and on April 19, 1928, the findings of fact and opinion of the Board were duly promulgated and reported at 11 B.T.A. 700.

One of the issues raised on the pleadings and submitted at said hearing was the fair market value at March 1, 1913, of the petitioner's sand and gravel deposit for the purpose of computing depletion allowances. In computing the depletion deduction for 1918 the Commissioner had allowed 5 cents per ton, based upon a recoverable content of 6,000,000 tons and a total value of $300,000 for the deposit, while the petitioner contended that its sand and gravel deposit had

a value at the basic date of not less than $2,000,000. The Board found as a fact that the fair market value of petitioner's deposit on March 1, 1913, did not exceed $300,000, and that a reasonable allowance for depletion of the deposit was 5 cents per ton. A decision sustaining the respondent's determination was entered April 20, 1928.

The petitioner, thereafter, on October 19, 1928, filed a petition for review of the Board's decision in Docket No. 7744, and the Circuit Court of Appeals for the Sixth Circuit in an opinion rendered January 9, 1931, reported at 49 Fed. (2d) 985, affirmed the decision of the Board. The petitioner then applied for a writ of certiorari to the Supreme Court of the United States, which was denied at 284 U.S. 667.

The respondent contends that the decision of the Board in a previous case *between the same parties* and involving the *same issue of fact*, namely, the fair market value of the petitioner's mineral deposit as of March 1, 1913, is *res judicata*, and that the petitioner is thereby estopped from again raising in these proceedings the same issue that has once been formally determined against it. Respondent's position we think must be sustained.

The precise question presented here under the first issue was decided by the Supreme Court of the United States in *Tait* v. *Western Maryland Ry. Co.*, 289 U.S. 620.

A brief history of that litigation will be helpful here. In *Western Maryland Ry. Co.*, 12 B.T.A. 889, promulgated June 27, 1928, the Board sustained the Commissioner's action in refusing to allow deductions from gross income for 1918 and 1919 on account of amortization of certain bond discount. The Circuit Court of Appeals for the Fourth Circuit reversed the Board's decision. (July 1, 1929, 33 Fed. (2d) 695.) Subsequently the railroad company brought suit in the District Court against the collector for refund of alleged overpayments of tax for the years 1920 to 1925, both inclusive, on account of disallowance of deductions in those years for amortization of the same bond discount. The District Court held that no facts were presented which had not been before the Board in the litigation over the taxes for 1918 and 1919 and that the parties were concluded by such former decision, and rendered judgment for the railway company (53 Fed. (2d) 211), which judgment the Circuit Court of Appeals affirmed (62 Fed. (2d) 933).

It will be noted that in the proceeding before the Board the parties were the railway company and the Commissioner, while in the litigation before the courts the parties were the railway company and the collector of internal revenue.

In affirming the judgment of the Circuit Court on certiorari, the Supreme Court held that the collector, being an official inferior in

authority to the Commissioner, was in such privity with him that he was estopped by the judgment, and in its opinion further said:

The petitioner (Collector of Internal Revenue) seeks a reversal on the merits, asserting that a judgment in a suit concerning income tax for a given year cannot estop either of the parties in a later action touching liability for taxes for another year. He urges further, that, if this position is not well taken, he is not concluded by the former judgment because neither the proofs nor the parties are the same as in the prior proceeding.

1. The scope of the estoppel of a judgment depends upon whether the question arises in a subsequent action between the same parties upon the same claim or demand or upon a different claim or demand. In the former case a judgment upon the merits is an absolute bar to the subsequent action. In the latter the inquiry is whether the point or question to be determined in the later action is the same as that litigated and determined in the original action. *Cromwell* v. *County of Sac*, 94 U.S. 351, 352–353; *Southern Pacific R.R. Co.* v. *United States*, 168 U.S. 1, 48; *United States* v. *Moser,* 266 U.S. 236, 241. Since the claim in the first suit concerned taxes for 1918 and 1919 and the demands in the present actions embrace taxes for 1920–1925, the case at bar falls within the second class. The court below held the lawfulness of the respondent's deduction of amortized discount on the bonds of the predecessor companies was adjudicated in the earlier suit. The petitioner * * * contends that as to both the decision of the court of appeals is erroneous, for the reason that the thing adjudged in a suit for one year's tax can not affect the rights of the parties in an action for taxes of another year.

As petitioner says, the scheme of the Revenue Acts is an imposition of tax for annual periods, and the exaction for one year is distinct from that for any other. But it does not follow that Congress in adopting this system meant to deprive the government and the taxpayer of relief from redundant litigation of the identical question of the statute's application to the taxpayer's status.

This court has repeatedly applied the doctrine of res judicata in actions concerning state taxes, holding the parties concluded in a suit for one year's tax as to the right or question adjudicated by a former judgment respecting the tax of an earlier year. * * * The public policy upon which the rule is founded has been said to apply with equal force to the sovereign's demand and the claim of private citizens. * * * It can not be supposed that Congress was oblivious of the scope of the doctrine, and in the absence of a clear declaration of such purpose, we will not infer from the annual nature of the exaction an intent to abolish the rule in this class of cases.

＊        ＊        ＊        ＊        ＊        ＊        ＊

These views render unnecessary any consideration of the merits of the controversy.

See also *Mary Haller*, 26 B.T.A. 395 (and authorities therein cited), where we held that an earlier decision of the Board involving the same questions for previous tax years was conclusive as to the questions litigated for those years, and that the construction of the will of the petitioner's decedent in the prior proceeding was conclusive as to the identical question in the later proceeding. And see also *Charles P. Leininger*, 29 B.T.A. 874.

The petitioner argues, however, that under the Revenue Act of 1924 it was not contemplated that the Board's decision should become

*res judicata* and conclusive in respect of any issue of fact, for the reason that the taxpayer had a right to pay the amount redetermined by the Board and institute suit in the District Court for refund, where the trial would be *de novo*, the Board's findings of fact and opinion being merely prima facie correct, and that such right was not taken away by the Revenue Act of 1926.

A sufficient answer to this contention, we think, is the fact that the petitioner did not elect to pursue such remedy, and obviously we are not required here to pass on that situation. Moreover, in both *Western Maryland Ry. Co.*, *supra*, involving deficiencies for 1918 and 1919, and in *Mary Haller*, *supra*, involving a deficiency for 1924, the same state of facts on this point was presented. The contention, in our opinion, is expressly refuted by the language of the Supreme Court, above quoted, that in the absence of a clear declaration of such purpose by Congress an intent can not be inferred to abolish the rule " in this class of cases."

The petitioner further seeks to take these proceedings out of the doctrine of *res judicata* by allegations of gross error and fraud. In his brief, petitioner sets forth that:

The conclusion presented by our argument is that the respondent in the knowledge of the figures, documents and facts before him, made calculations which were grossly erroneous, findings which are unsound and illegal and representations which are false; that the irregularity of the respondent's acts resulted in fraud and deprived the taxpayer of its constitutional right to a fair hearing.

The gross errors alleged by the petitioner relate generally to the method of calculation used by the respondent in estimating average annual production, present worth per ton, tons in the deposit, and other factors entering into the valuation of the petitioner's mineral deposit. These matters constitute arguments which the petitioner properly might have presented in the original hearing, but in our opinion have no bearing on the question whether or not our former decision is conclusive in these proceedings.

A more serious allegation of the petitioner on this point is that the respondent in the prior proceeding was guilty of false representations and the suppression of evidence in his possession. This allegation seems to be directed to the fact that at the hearing in Docket No. 7744 the respondent offered in evidence as an admission against interest an original Form F, which consisted of a schedule of valuation of the petitioner's sand and gravel deposit for the purpose of computing depletion deductions, which was executed under oath by the petitioner's vice president and secretary on October 13, 1920, while at the same time respondent had in his possession a revised Form F executed and filed with him in April 1921.

The revised Form F was submitted to the Circuit Court of Appeals in connection with a petition for rehearing. In a *per curiam* opinion denying that petition, the court said:

We can not treat Revised Form F as newly discovered. Mr. Kloos who signed the original Form F as Vice-President testified that he believed another report had been made. Mr. Farrell, Secretary of the petitioner, signed both reports. There is no sufficient evidence that he had forgotten the last one. Form F (Revised) is now before us, having been filed as Exhibit E to the petition to rehear. We have examined it in connection with the whole record and while it is corroborative of petitioner's claim that the original per ton valuation of twenty-seven cents, as set out in the original Form F was as intended, we are not justified in granting a rehearing upon such corroborative evidence, even if it were newly discovered. The petition is therefore denied.

The revised Form F was executed by petitioner's officers, and we must assume that the information it contained was known to the petitioner at the time the original Form F was offered in evidence by the respondent at the former hearing, since a copy was later filed by the petitioner with the Circuit Court of Appeals. Respondent offered the original Form F as an admission by the petitioner against interest, and it may well be that respondent would have been entitled to offer the document for that purpose while at the same time objecting to the introduction by the petitioner of the revised Form F as a self-serving declaration. We need not decide that question here, it being sufficient to point out that the action of the respondent. in the circumstances complained of by the petitioner did not constitute fraud, either actual or constructive, nor the suppression of evidence. From a careful consideration of the record before us we are unable to find any substantial corroboration of petitioner's allegations. Its contention on this point can not be sustained.

The *per curiam* opinion of the Circuit Court, denying the petition for rehearing, used the following additional language:

The original opinion of course must be considered as affecting the deficiency assessment for the year 1918 only and not in any way foreclosing submission to the Board of Tax Appeals of Revised Form F if and when that Board comes to consider assessments for subsequent years, as well as the other matters presented by the belated and unconsidered petition to rehear filed before the Board.

The petitioner urges most strongly that the quoted extract expresses the view of the Circuit Court that our former decision would not be conclusive on the same issue raised in subsequent proceedings, and that we are bound thereby. It is not clear to us that the court intended to pass upon the question of *res judicata*, since obviously that question was not then before the court. However, in any event the memorandum opinion of the court on the petition for

rehearing was filed June 30, 1931, prior to the decision of the Supreme Court in *Tait* v. *Western Maryland Ry. Co., supra,* on May 29, 1933, and the latter decision, we think, is controlling here.

The conclusions reached above render it unnecessary for us to consider the second or alternative issue on the merits.

Reviewed by the Board.

*Judgment will be entered for the respondent.*