EDWIN J. MARSHALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 52938, 62311, 70430.   Promulgated February 13, 1934.

*Thomas O. Marlar, Esq.*, for the petitioner.
*John H. Pigg, Esq.*, for the respondent.

#### OPINION.

TRAMMELL: These are consolidated proceedings for the redetermination of deficiencies in income tax as follows:

| Docket No. | Year | Deficiency |
|---|---|---|
| 52938 | 1927 | $1, 635. 24 |
| 52938 | 1928 | 18, 031. 77 |
| 62311 | 1929 | 4, 0⁸6. 39 |
| 70430 | 1930 | 4, 238. 05 |

The issue, broadly stated, involves the question whether petitioner made a completed gift to his wife of certain corporate stocks prior to or during the taxable years. In the returns of petitioner's wife for these years, she reported dividends received on the stocks in question, together with capital gain derived from the sale of certain stocks, and deducted capital loss sustained on the sale of other stocks.

In computing the deficiencies respondent treated the stocks as belonging to the petitioner, including in his income the dividends and capital net gain and allowing the capital net loss as a deduction. Petitioner assails the determinations of the respondent on the ground that in or prior to the taxable years he had made valid gifts of all of said stocks to his wife.

Certain stocks involved in the present proceedings were also involved in a former proceeding, and as to these respondent contends that our former decision is *res judicata* and that petitioner is concluded thereby. In respect of the balance of the stocks involved in controversy here, respondent contends that the acts of the petitioner fell measurably short of effecting completed gifts to his wife. We will therefore consider the issue as it relates to the two classifications of stock indicated.

Our report in the prior proceeding was promulgated May 29, 1930, at 19 B.T.A. 1260. The taxable years were 1923, 1924, 1925, and 1926, while the taxable years in the present case are 1927, 1928, 1929, and 1930. The parties in both cases are the same. In the earlier case the petitioner contended that he had made a valid gift of certain corporate stocks to his wife, the dividends from which respondent had included in petitioner's income and taxed to him. We there held that the evidence was insufficient to establish that the petitioner had made a completed gift to his wife of the stocks in controversy, and approved respondent's determination.

The petitioner prosecuted an appeal from our decision, which was affirmed in part and reversed in part by the United States Circuit Court of Appeals for the Sixth Circuit on April 5, 1932, at 57 Fed. (2d) 633 (certiorari denied, 287 U.S. 621). The court held that, as to those stocks which had been transferred on the books of the respective corporations from petitioner to his wife, valid gifts had been made and that dividends on such stocks were properly taxable to her. The record disclosed that dividends were paid by the Champion Spark Plug Co., the Richardson Co., and the Fifty Associates Co. upon stocks standing in the name of petitioner's wife. In all other respects our decision was affirmed.

Both the petitioner and his wife had stocks of the following companies standing in their names: Richardson Co., Fifty Associates Co., and Commerce Guardian Trust & Savings Bank. Respondent alleged in his pleadings, and the petitioner does not deny, that in

computing the deficiencies involved in these proceedings respondent did not transfer from the wife's returns and include in petitioner's income dividends on any stocks standing in the wife's name. On the contrary, petitioner alleges that the transferred dividends in respect to which he complains were paid by checks of the respective corporations drawn to his order, and that he endorsed such checks and deposited them in his wife's savings account. We must assume, therefore, that all dividends involved in the present case were paid on stocks standing in the name of the petitioner, and that dividends on stocks of the corporations above mentioned, in which corporations both petitioner and his wife held stocks of record in their names, were in fact paid on the stocks standing in the petitioner's name.

In Docket No. 52938 petitioner alleges that the respondent erroneously included in his income dividends paid on stock of the Champion Spark Plug Co., which dividends were reported in the wife's return for 1927. However, the record discloses that respondent determined that the stocks on which said dividends were paid stood in the wife's name, and they were not transferred from the wife's return and included in petitioner's income.

Stocks of the following companies involved in the present proceedings, exclusive of stocks standing in the name of petitioner's wife, were also embraced in the former proceeding hereinabove referred to: J. D. Insulator Co., Tiedeman Glove Co., National Supply Co., Reserve Building Co., Commerce Guardian Trust & Savings Bank, Fifty Associates Co., American Rolling Mills Co., Richardson Co., Maumee Collieries Co., and Larrowe Milling Co.

These are all the companies involved in the prior case except the Champion Spark Plug Co., which is not in the present case for the reason that the dividends paid on the stock of this corporation, standing in the wife's name and reported in her return for 1927, were not transferred to the petitioner.

The first question for consideration is whether or not our former decision is *res judicata* and conclusive in respect of dividends paid during the taxable years on stocks of the above named companies, of record in the name of the petitioner, which stocks petitioner contends, nevertheless, he had given to his wife.

In *Tait* v. *Western Maryland Ry. Co.*, 289 U.S. 620, the Supreme Court held that the doctrine of *res judicata* is applicable in actions concerning Federal income tax, notwithstanding the scheme of the revenue acts is an imposition of tax for annual periods, and the exaction for one year is distinct from that for any other. In this connection, the Court pointed out that,

The scope of the estoppel of a judgment depends upon whether the question arises in a subsequent action between the same parties upon the same claim

or demand or upon a different claim or demand. In the former case a judgment upon the merits is an absolute bar to the subsequent action. In the latter the inquiry is whether the point or question to be determined in the later action is the same as that litigated and determined in the original action.

Since the claim or demand in the first proceeding before us concerned taxes for the years 1923–1926, and the claims or demands in the present proceedings embrace taxes for 1927–1930, the case at bar falls within the second class above mentioned, and the inquiry is whether the point or question to be determined here is the same as that litigated and determined in the former proceeding.

Petitioner argues in the instant case that the dividends paid during the taxable years 1927–1930 on stocks of the corporations above named should not be taxed to him because he had given those stocks to his wife prior to 1927. The acts which he contends effected valid gifts are the same acts which he urged in the former proceeding respecting the same stocks. None of those stocks, which then stood in petitioner's name, was transferred from petitioner to his wife on the records of the corporations subsequent to 1926 and prior to the close of 1930.

No new act or circumstance has been alleged or proved to establish a subsequent gift, but petitioner here relies upon substantially the same facts which we considered in the former proceeding and held insufficient to constitute completed gifts.

Our decision on this point was approved by the Circuit Court of Appeals in the following language, "As to the shares of stock not transferred upon the books of the issuing companies, we are of the opinion that the decision of the Board of Tax Appeals was correct."

Thus, the point or question to be determined in the case at bar, in so far as concerns dividends paid on the stocks of the corporations above set out, is precisely the same as that litigated and finally determined in the original proceedings. We hold, therefore, on authority of *Tait* v. *Western Maryland Ry. Co.*, *supra*, that our former decision is *res judicata* in respect of the stocks of the corporations involved therein and above set out, and that the parties are concluded thereby. See also *Charles P. Leininger*, 29 B.T.A. 874; *Portage Silica Co.*, 29 B.T.A. 881; *Mary Haller*, 26 B.T.A. 395.

The present proceedings embrace stocks of the following companies which were not considered in the prior case: Airway Electric Appliance Co., Toledo Trust Co., Toledo Steel Products Co., Toledo Mortgage Co., Morris Plan Bank, First National Bank–Toledo, Defiance Machine Co., Citizens Necessities Co., and American Reserve Insurance Co.

Whether the dividends paid during the taxable years 1927–1930 on the stocks of the companies last above named, and whether the

capital gains and losses resulting from sales of some of said stocks should be reflected in the computation of petitioner's tax liability, depends upon whether or not petitioner made valid and completed gifts of the stocks to his wife subsequent to 1926, as contended by him. As to such alleged subsequent gifts, our former decision, of course, is not *res judicata*, and the issue must be decided on the evidence before us.

However, the evidence submitted by the petitioner in the present record to show that he made gifts to his wife of the stocks here in question subsequent to 1926 is substantially the same as that offered to establish gifts of the stocks embraced in the original proceeding, and the reasons which impelled us in that case to hold the evidence insufficient leads to the same conclusion here in respect of the alleged later gifts.

All the stock alleged to have been given to the wife after 1926 stood in petitioner's name on the books of the corporations. They were transferred of record from petitioner to his wife some time subsequent to April 5, 1932, more than a year after the close of the last taxable year now before us. The circumstances which petitioner contended constituted the making of valid gifts to his wife of the stocks embraced in the former proceeding were stated by us in our report at 19 B.T.A. 1266, as follows:

From time to time at undetermined dates, the petitioner endorsed certificates of stock which he owned in various corporations, and also executed powers of attorney and attached to other certificates of stock, all of which he turned over to his confidential secretary, Gertrude M. Reswick, with instructions that the said documents should be placed in a safety box in the Commerce Guardian Trust and Savings Bank under the name of his wife, Helen B. Marshall. The petitioner was a director of some of the corporations referred to, and continued as the record owner of the stock on the records of all the corporations. The dividend checks received on the stock so endorsed and placed in the safety box of his wife, as well as the dividend checks received on certain other stocks not so placed in said box, were endorsed by the petitioner or by his secretary acting for him, and were deposited in a savings account carried in the name of his wife, as above set forth. The petitioner did not deliver any stock certificates to his wife personally, but merely told her in a general way what he was doing. Mrs. Marshall did not make deposits in or withdrawals from the savings account in which the said dividend checks were deposited.

Concerning the stocks alleged to have been given to his wife subsequent to 1926 petitioner testified in the present case as follows:

THE WITNESS: Every certificate was either endorsed in blank or there was a legal power for transfer. You are familiar with the little form, properly signed and fastened to the certificate and delivered to Miss Reswick, and, I believe, put in Mrs. Marshall's safe deposit box.

Q And all that occurred prior to 1927?

A As to the stocks then owned?

Q Yes.

A And all stocks since acquired have been handled in exactly the same way, in so far as, from any circumstances, they happen to be in my name.

Q Or any split-up?

A Yes, any split-up.

Since the circumstances surrounding the making of the alleged gifts subsequent to 1926 are the same as those disclosed in the former proceeding, we hold, for the reasons there set forth, that the evidence in the case at bar is insufficient to establish valid gifts of the stocks here in controversy.

Accordingly, respondent's determinations are approved.

*Judgment will be entered for the respondent.*