PRYOR & LOCKHART DEVELOPMENT COMPANY, BY RALPH J. PRYOR, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63523.   Promulgated June 11, 1936.

*Allen H. Gardner, Esq.*, for the petitioner.
*Roy N. McMillan, Esq.*, for the respondent.

OPINION.

LEECH: The petitioner asks redetermination of a deficiency of $531.39 in income tax for the year 1929. The petitioner claims to be a trust and taxable as such, while the respondent contends that the petitioner is an association, taxable as a corporation, and, upon this theory, he determined the deficiency.

It appears that heretofore deficiencies were determined against the petitioner upon the same ground for the years 1925, 1926, 1927, and 1928, and upon appeal to this Board in Docket Nos. 38872, 45668, and 51326, we held that the petitioner was a common law trust, and not an association taxable as a corporation, 26 B. T. A. 1054. This case was affirmed by the Circuit Court of Appeals, 10th Circuit, 70 Fed. (2d) 154, and certiorari was denied by the United States Supreme Court, 293 U. S. 574. The parties entered into the following stipulation:

1. All of the evidence, including oral testimony and the transcript thereof, exhibits, stipulations, and written or oral admissions, in three earlier proceedings of this petitioner, designated as docket numbers 38872, 45668, and 51326 is to be treated as evidence in the instant proceeding so far as material to the issue whether the petitioner is taxable as a trust or as an association. The exhibits in the former proceedings material to this issue are those marked therein as Petitioner's Exhibits 1, 2, and 3.

2. All conditions, facts, and circumstances affecting the issue of taxability as a trust or association were the same in the year 1929 here in controversy, as in the year 1928 which was involved in the proceeding bearing docket

number 51326. All evidence of such conditions, facts, or circumstances may, therefore, be deemed applicable as fully to the taxable year 1929 as to the year 1928, even though such former evidence does not purport to cover any period subsequent to December 31, 1928.

3. If the petitioner is subject to tax as an association its net income for the year 1929 amounts to $7,830.79 as determined by the respondent in sending the deficiency notice in this proceeding. If the petitioner is not taxable as an association, the net income of $7,830.79 should be reduced by $36,000, the amount of petitioner's income which was paid and credited during 1929 to its beneficiaries.

No other evidence was taken in the instant case.

No formal plea of *res adjudicata*, supported by the decision in the earlier proceedings, was made by the petitioner, but, at the hearing, it was agreed that it should be considered as if formally made and the case was heard with that understanding.

Though the parties here are the same as those in the prior proceedings, since the pending deficiency is for a year later than those there involved, and is, therefore, a different right of action, the plea of *res adjudicata* is effective if, and only if, "the point or question to be determined" here "is the same as that litigated in the former action" and the facts are the same. *Tait* v. *Western Maryland Railway Co.*, 289 U. S. 620.

The only question here is whether the petitioner is taxable, for the year 1929, as a trust or as a corporation. See the Revenue Act of 1928, sec. 701 (a) (2).

This very question was presented in the earlier proceedings, the adjudication of which is here pleaded in bar, under the same or identically worded statutory provisions. See the Revenue Acts of 1924 and 1926, sec. 202 (a) (2).

All the conditions, facts, circumstances, and evidence, pertaining to this issue, are the same here as those before this Board in that former proceeding.

It follows, we think, that the plea of *res adjudicata* is effective. *Tait* v. *Western Maryland Railway Co.*, *supra*; *Portage Silica Co.*, 29 B. T. A. 881; *Sand Springs Railway Co.*, 31 B. T. A. 392; *Terre Haute Electric Co.*, 33 B. T. A. 975. Compare *D. F. Strickland*, 32 B. T. A. 804, where the evidence and facts in the two proceedings were not the same.

Respondent argues that the recent decisions of the Supreme Court in *Commissioner* v. *Coleman-Gilbert Associates*, 296 U. S. 369; *Morrissey* v. *Commissioner*, idem 344; *Swanson* v. *Commissioner*, idem 362; and *Commissioner* v. *Combs*, idem 365, destroy the validity of this plea here. The answer is that those cases obviously could not and did not change the statutory law. *New Orleans* v. *Citizens' Bank*, 167 U. S. 371. So the identity of the issue in the two proceedings is not disturbed. And, assuming without holding that the

adjudication in the earlier proceedings was wrong, in the light of those recent Supreme Court decisions, that would not affect the validity of petitioner's plea here. The question involved here may or may not have been adjudicated correctly in the former proceedings, but it was legally adjudicated, and such adjudication has become final. That is the essence of the plea. *United States* v. *Guaranty Trust Co. of New York*, 76 Fed. (2d) 747; *Art Metal Construction Co.* v. *United States*, 13 Fed. Supp. 756; *Sand Springs Railway Co.*, *supra*.

Respondent contends that the doctrine of *res adjudicata* does not apply in this class of cases and that its recognition here would result in the perpetuation of an error. The first is unsound, as is the second, even if the factual premise be true. As the Supreme Court stated in *Tait* v. *Western Maryland Railway Co.*, *supra*, resolving a similar question:

* * * It cannot be supposed that Congress was oblivious of the scope of the doctrine, and in the absence of a clear declaration of such purpose, we will not infer from the annual nature of the exaction an intent to abolish the rule in this class of cases.

[3] We are not persuaded that the operation of the principle of the thing adjudged in tax cases will, as petitioner insists, produce serious inequalities, or result in great confusion; but any adverse consequence in the administration of the law furnishes no sufficient reason for the abandonment of a rule founded in sound policy, to the enforcement of which suitors are in justice entitled.

On recomputation, effect will be given to clause 3 of the stipulation.

*Decision will be entered under Rule 50.*