**PELHAM HALL CO. v. CARNEY, Former Collector of Internal Revenue.**

No. 6817.

District Court, D. Massachusetts.

April 4, 1939.

Philip J. Woodward and Haussermann, Davison & Shattuck, all of Boston, Mass., for plaintiff.

John A. Canavan, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., for defendant.

FORD, District Judge.

This is an action brought against the former Collector of Internal Revenue of the District of Massachusetts for the recovery of income taxes for the fiscal year ending August 31, 1932 in the amount of $1,238.65, with interest from the date of payment thereof.

Statements of fact and conclusions of law appearing herein are intended to meet the requirements of Rule 52 of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The facts about which there was no dispute are as follows:

The plaintiff in its return for the year ending August 31, 1932 took a deduction of $16,120 for depreciation of the building known as "Pelham Hall" and in so doing used a depreciation base of $806,000 at the rate of 2%.

The Commissioner of Internal Revenue reduced the base to $450,000 (cost of building $362,700) reducing the allowable depreciation $7,254. This resulted in the additional assessment of $1,159.12, which with interest amounted to $1,238.65, and is the amount sought to be recovered in this action.

The plaintiff in its tax return for the period from the date of its organization, May 6, 1931, to August 31, 1931, used a depreciation base for the same parcel of property of $809,500. The Commissioner disallowed this deduction in part, reducing the depreciation base to $450,000 which resulted in a deficiency assessment of $1,040.-02. On November 21, 1933, the plaintiff filed a petition with the Board of Tax Appeals for a redetermination of the deficiency of the fiscal year ending August 31, 1931 contending that the price bid at foreclosure sale of $450,000 was not conclusive as to the measure of cost of the property to the petitioner and that the base for depreciation should be a fair market value of the assets at the time of their receipt by the petitioner instead of the price bid at the foreclosure sale.

The Board of Tax Appeals, Pelham Hall Company v. Commissioner 33 B.T.A. 329, sustained the Commissioner's determination, made findings of fact and filed an opinion. No appeal was taken from this decision and judgment entered therein became final.

The Board of Tax Appeals found as fact that the plaintiff company was organized May 6, 1931, as a means of refinancing the Pelham Hall Building in Brookline, Massachusetts. Prior thereto the building had been constructed and owned by another corporation of somewhat similar name. The 6½ per cent first mortgage bonds of the predecessor company amounting to $1,200,000 of which $1,172,-000 was outstanding, were in default. There was an outstanding construction lien. A committee for the mortgage bondholders was organized to acquire the mortgage property. Approximately 95% of the bonds were deposited with the committee, and the committee was empowered to bid for the property at foreclosure. Four hundred and fifty thousand dollars was determined by the committee to be a necessary minimum bid, and $1,000,000 as the maximum. At the foreclosure sale no other bids were made, and the property was struck down for $450,000 to a nominal bidder acting for the committee or any corporation to be organized by the committee. Payment was permitted to be made with the old bonds and matured coupons. The lien was transferred from the property to the proceeds of the sale, and the property was conveyed to the plaintiff which was the corporation organized by the committee for the purpose of reorganization. The plaintiff's no par common shares were issued to the depositing bondholders for their bonds, in the ratio of one share of each $10 of bond principal and interest. The value of the bonds received by the plaintiff was no more than $450,000. A reasonable allowance for exhaustion, wear and tear, and obsolescence of the building was at the rate of 2 per cent per year of the aforesaid cost of $450,000.

The defendant in addition to a general denial relies upon, in the present suit, the additional defense of "res judicata."

It is the contention of the plaintiff in this suit that the reorganization was a tax-free reorganization, that the property in question was acquired by the plaintiff through it and the depreciation base which the plaintiff was entitled to use was the cost of the building to the predecessor company which was at least as great as the $809,500 claimed, which contention it was agreed between the parties was not raised in the case before the Board of Tax Appeals.

Assuming, arguendo, that the property was acquired by the plaintiff through a tax-free re-organization, the question to be decided here is whether it is estopped from proving this in this action by reason of the

judgment in the case of Pelham Hall Company v. Commissioner, supra.

The law of estoppel by judgment is well settled, the only difficulty being in its application to the facts. The general principles governing the doctrine of res judicata or estoppel by judgment are set forth in the leading case of Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195. In that case suit had been brought upon coupons attached to bonds issued by the County for the erection of a school house and it was adjudged that the bonds and coupons were invalid in the hands of one not a bona fide holder for value before maturity, and as the plaintiff had not shown himself to be such a holder, he could not recover. In a second suit on other coupons from the same bond, he proved that he was a holder for value before maturity and the County sought to defeat the second suit by pleading the judgment in the first as res judicata. It was held that the cause was different and that the first judgment was not a bar. The Court said, (pages 352, 353, 24 L.Ed. 195):

"In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * *

"But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action; not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

This case quoted with approval the language of the Court in Outram v. Morewood, 3 East 346, to the following effect: " '* * the estoppel precludes parties and privies from contending to the contrary of that point or matter of fact, which, having been once distinctly put in issue by them, or by those to whom they are privy in estate or law, has been, on such issue joined, solemnly found against them.' "

In the case of Tait v. Western Maryland Railway Company, 289 U.S. 620, 53 S. Ct. 706, 77 L.Ed. 1405, the Commissioner of Internal Revenue and the Board of Tax Appeals denied the right of a corporation to deduct from gross income an amortized proportion of the discount on sales of bonds by its predecessors. The right was sustained by the Circuit Court of Appeals, 4 Cir., 62 F.2d 933. The second action was brought by the taxpayer in the District Court, 53 F.2d 211, against the Collector for recovery of an income tax assessed in subsequent tax years. The Court held that the prior judgment worked an estoppel against the United States and the Collector as to the right of the corporation to make like deductions for subsequent years under the same statutory and treasury regulations. It was further decided in that case that the fact that the earlier decision, Western Maryland R. Co. v. Com'r, 4 Cir., 33 F.2d 695, involved a different tax year did not prevent the operation of an estoppel by judgment and that the Commissioner and the Collector were the same parties and in such privity that the estoppel would bind them.

In accordance with these principles of law it becomes necessary to determine whether or not the fact or question involved in the present suit was actually litigated and determined in the suit before the Board of Tax Appeals.

The present suit involves a claim for refund of taxes for the year ending August 31, 1932 and the taxes concerned in the suit decided by the Board of Tax Appeals involved a portion of the tax of the year 1931. Consequently, the action here is upon a different claim or demand and it becomes necessary to determine in accordance with the principles of law stated above whether or not the point or question here is the same as that litigated and determined in the former action. If it is, it cannot be litigated again here.

The applicable provisions of the Revenue Act are the same as are the pertinent Treasury Regulations and further it appears that the fact to be decided in the present case is the essential fact litigated before the Board, viz., the proper depreciation base. That was the matter or point the Board decided; it was the question before it. And the same identical evidence except the cost of the building to its predecessor was presented there as here concerning the reorganization of the predecessor company.

In the proceedings before the Board the taxpayer conceded and claimed in his petition as a matter of law that the base for depreciation should be the fair market value of the property at the date of its receipt by the petitioner and it introduced evidence through an expert to show what that was. There was no contention before the Board that the facts showed the property was acquired by the plaintiff through a tax-free reorganization.

The Court stated in Tait v. Western Maryland Railway, supra, 289 U.S. page 626, 53 S.Ct. page 708, 77 L.Ed. 1405: "The petitioner may not escape the effect of the earlier judgment as an estoppel by showing an inadvertent or erroneous concession as to the materiality, bearing or significance of the facts, provided, as is the case here, the facts and the questions presented on those facts were before the court when it rendered its judgment."

The argument of the plaintiff here in its last analysis is that estoppel should not be worked because it was in error in its contention that the base for depreciation should be the fair market value of the property at the time of its receipt by it and it now advances the theory that there was a tax-free reorganization of the predecessor company and the base for depreciation is the cost of the building to its predecessor, citing Revenue Act of 1928, Section 113(a) (6), 26 U.S.C.A. § 113 note, and Treasury Regulations 74, Article 204. It abandons its former position and advances merely a different argument or different theory for determining the depreciation base. If this could be done the doctrine of res judicata would be frustrated. Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 18 S. Ct. 18, 42 L.Ed. 355; Portage Silica Co. v. Commissioner, 6 Cir., 89 F.2d 958; Leininger v. Commissioner, 6 Cir., 86 F.2d 791; Pryor & Lockhart Development Co. v. Commissioner, 34 B.T.A. 687; Marshall v. Commissioner, 29 B.T.A. 1075.

■ And it is well settled that a judgment, not set aside on appeal or otherwise, is equally effective as an estoppel upon the points decided, whether the decision be right or wrong. Reed et al. v. Allen, 286 U.S. 191, 201, 52 S.Ct. 532, 76 L.Ed. 1054, 81 A.L.R. 703; American Express Co. v. A. R. Mullins, 212 U.S. 311, 29 S.Ct. 381, 53 L.Ed. 525, 15 Ann.Cas. 536; Milne, Ex'r, v. Deen, 121 U.S. 525, 7 S.Ct. 1004, 30 L. Ed. 980; Pryor & Lockhart Development Co. v. Commissioner, supra.

■ The other contention of the plaintiff that the decision of the Board in the case of Pelham Hall Company v. Commissioner, supra, does not work an estoppel by judgment since it is merely a judgment of an administrative board and not a court is without merit.

It was held in the case of Old Colony Trust Company et al. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918, that the Board of Tax Appeals is not a court but an executive or administrative board upon the decision of which the parties are given an opportunity to base a petition for review to the Circuit Court of Appeals or to the United States Court of Appeals for the District of Columbia. Revenue Act of 1926, Section 1001, 44 Stat. 110, 26 U.S. C.A. §§ 641 (c) (2, 3), 642, 644, 645.

By the Revenue Act of 1926, Section 1003, 44 Stat. 110, 26 U.S.C.A. § 641(a), (c) (1), the Circuit Court of Appeals and the United States Court of Appeals for the District of Columbia have exclusive jurisdiction to review the decisions of the Board and the judgment of any such court is final except that it may be reviewed by the Supreme Court on certiorari.

Section 1005 (a) (1) of the Revenue Act of 1926, 44 Stat. 110, 26 U.S.C.A. § 640 (b) (1), is as follows: "Section 1005(a) The decision of the Board shall become final—

(1) Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time * * *."

There was no doubt that Congress in this legislation provided the machinery to reach a final adjudication in proceedings of this nature binding on all the parties.

It is recognized that the doctrine of res judicata is to the effect that an existing final judgment or decree, rendered on the merits, and without fraud or collusion, by a court of competent jurisdiction, upon a matter within its jurisdiction, is conclusive

of the rights of the parties or their privies, in all other actions or suits in the same or other judicial tribunals. The doctrine was established upon two grounds: (1) public policy and necessity which makes it to the interest of the state that there should be an end of litigation, and, (2) the hardship on the individual that he should be vexed twice for the same cause, and I can see no reason whatsoever why this doctrine should not be applicable to the decisions of the Board of Tax Appeals. Doctrines must broaden in their applicability as the science of the law and methods for administering the latter advances. It should not make any difference that the Board of Tax Appeals is an executive or administrative board, inasmuch as Congress decreed it had the necessary jurisdiction to determine tax matters and its decisions are final upon the expiration of the time allowed for filing a petition for review. A judgment of the Board is of equal finality where it is final on appeal, or the time for appeal has passed. Tait v. Western Maryland Railway Company, supra; Revenue Act of 1926, Sections 1003, 1005(a). The same underlying reasons for the application of the doctrine exist for its application to the decisions of the Board as were present when the doctrine was first established.

As the Court said in Chicago Cemetery Association v. United States, D.C., 19 F. Supp. 228, 229: "Both in the present case and the prior case heard by the Board of Tax Appeals, the same question was involved, the 1913 value of the sections out of which the lots involved in this controversy were sold. If the doctrine of res judicata is not to be applied, then each year there may be a new proceeding to determine the 1913 value of these sections, which would be nonsense." · Cf. Tait v. Western Maryland Railway Company, supra. Old Colony Trust Company et al. v. Commissioner, supra, 279 U.S. page 728, 49 S.Ct. 499, 73 L.Ed. 918; Ohio Steel Foundry Company v. United States, Ct.Cl., 38 F.2d 144, 150.

The Board of Tax Appeals has applied the doctrine to its own decisions. Pryor & Lockhart Development Co. v. Commissioner, supra; Haller v. Commissioner, 26 B.T.A. 395.

The Court of Claims has recognized the applicability of res judicata to the decisions of the Board of Tax Appeals. American Woolen Co. v. United States, Ct.Cl., 18 F. Supp. 783; Castle v. United States, Ct.Cl.,

17 F.Supp. 515, 520; Greenbaum v. United States, Ct.Cl., 17 F.Supp. 83, 86.

The plaintiff's motion for judgment is denied. The defendant's motion for judgment is granted, with costs, in accordance with the above opinion.

The requests of the parties for findings of fact and conclusions of law, so far as they are consistent with the above, are granted, and, to the extent that they differ from the above findings and conclusions, they are denied.