CHARLES P. LEININGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 15295, 23917. Promulgated April 16, 1930.

*Irwin N. Loeser, Esq.,* for the petitioner.
*John D. Kiley, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: The first issue is resolved adversely to petitioner on authority of *Shults Bread Co.*, 10 B. T. A. 268.

The principal question for determination in these cases is whether petitioner is liable for tax on all of the profits of a one-half interest in a partnership or whether, under the facts, his wife may return for taxation one-half of such profits. In support of his position petitioner submits that during the latter part of 1920 a written agreement confirmatory of a preexisting oral agreement was entered into between petitioner and his wife, wherein it was agreed that petitioner's wife had been and was a full equal partner with him in the interest in the Eagle Laundry Co., entitled to share equally in the profits and obligated to bear equally any losses.

It is observed from the testimony in the case that the books and records of the Eagle Laundry Co., the partnership, contained no entry reflecting part ownership by the wife or any payments to her or for her account. Partnership returns for the taxable years 1921, 1922, and 1923 were sworn to by petitioner and state that the names of the partners are C. P. Leininger and M. T. Monaghan, each owning one-half. We note further that Mrs. Leininger contributed neither capital nor services to the partnership and that all checks covering profits were made to the husband and by him deposited in a joint account. This in spite of the fact that Mrs. Leininger had also a separate account in which were deposited profits on her personal investments. No accounting was ever had between Leininger and his wife.

On this state of facts we are of the opinion that respondent must prevail. See *George M. Cohan*, 11 B. T. A. 743; 39 Fed. (2d) 540; *Hellman* v. *United States* (Ct. Cls., May 2, 1927), Am. Fed. Tax Rep. 6781; *Earl* v. *Lucas*, 281 U. S. 111.

Even if petitioner's wife be considered as a subpartner or in partnership solely with her husband, the incidence of the taxing statute would not thereby be avoided, for the income earned on the one-half interest standing in the name of C. P. Leininger would first be income to him, taxable as such before its division with his wife. See *Ormsby McKnight Mitchel*, 1 B. T. A. 143; affd., 9 Fed. (2d) 414; 15 Fed. (2d) 287.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

PHILLIPS dissents.