## LEININGER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5726.

Circuit Court of Appeals, Sixth Circuit.
July 2, 1931.

I. N. Loeser, of Cleveland, Ohio (Mooney, Hahn, Loeser, Keough & Beam, of Cleveland, Ohio, on the brief), for petitioner.

M. K. Rothschild, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch, J. P. Jackson, C. M. Charest, and Joe S. Franklin, all of Washington, D. C., on the brief), for respondent.

Before DENISON and HICKENLOOPER, Circuit Judges, and SIMONS, District Judge.

DENISON, Circuit Judge.

The taxpayer petitioner was a partner, owning a half interest in the Eagle Laundry Company, an Ohio partnership. In 1920, a written agreement was made between the taxpayer and his wife, which was confirmatory of a previous oral agreement and which declared that his wife had been and was a full equal partner with him in the interest of the Eagle Laundry Company, entitled to share equally in the profits and obligated to bear equally the losses. For the years 1920 to 1923, inclusive, the commissioner included in the petitioner's taxable income the entire profits of the half interest in this company. Petitioner claims that half of these profits should have been included in the income of the wife. The commissioner ruled against the taxpayer and upon appeal the board affirmed.

We think it quite unnecessary to decide the question chiefly considered by the board—whether the wife became a partner in the laundry company, with the rights and liabilities of such a partner under the Ohio laws. In any event, she clearly owned half of the profits which, if she was not a partner, would go primarily to him. If, at the moment of receiving her profits, he took the legal title thereto as between the partnership and himself, she was at least at that same moment the equitable owner. She could have compelled him to pay her immediately, and he could have compelled her to pay him half of any losses. If any trouble had arisen, she could have prevented the payment of profits to him until her half interest therein was protected. It seems entirely clear to us that her share of the profits never became income received by the taxpayer.

In making the contrary holding, the board relied upon Mitchel v. Bowers (C. C. A. 2) 15 F.(2d) 287. That case is fully distinguished from the present one, because the majority decision is rested upon the fact that the husband could cancel the arrangement at any time, and that, since the right of disposition remained his, as it does in community property, the same rule should be applied. If, however, the Mitchel Case were not distinguishable, we should feel constrained to follow the reasoning of Judge Manton's dissenting opinion. The elaboration of the ruling, found in Harris v. Commissioner (C. C. A.) 39 F.(2d) 546, 547, rests upon the supposed policy of the law in taxing partnerships. We do not see that section 218 (a) of Revenue Act 1918 (40 Stat. 1070), undertakes to fix any policy as to who is to be deemed to receive the income; it merely extends the definition of individual income so as to include undivided partnership profits. Lucas v. Earl, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731, also relied upon, must be read in view of the comment thereon in Poe v. Seaborn, 282 U. S. 101, 117, 51 S. Ct. 58, 75 L. Ed. 239.

We cannot regard this contract as a mere assignment of an interest in future profits "if, as and when" received. It creates mutual rights and liabilities; it is irrevocable; it creates, at least as between the parties, a vested interest in a property right; and the specified profits and losses were hers, not his.

In accord with our view, see Commissioner v. Barnes (C. C. A. 3) 30 F.(2d) 289; dissenting opinions in Battleson v. Commissioner, 22 B. T. A. 455.

The order of the board is reversed, and the case remanded for a recomputation in accordance herewith.