874

CHARLES P. LEININGER, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 42819, 45140, 51037, 63341.   Promulgated January 23, 1934.

*Irwin N. Loeser, Esq.*, and *George R. Beneman, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

OPINION.

BLACK: These proceedings, duly consolidated, are for the redetermination of deficiencies in income tax for the calendar years 1924 to 1929, inclusive, in the respective amounts of $2,030.19, $1,617.08, $2,110.92, $990.99, $1,162.69, and $558.01.

Petitioner contends that, under section 218 (a) of the Revenue Acts of 1924 and 1926 and sections 181 and 182 (a) of the Revenue Act of 1928, there should be included in computing his net income for each of the years 1924 to 1929, inclusive, only 25 percent of the net income of a certain partnership operating in Cleveland, Ohio, under the name of " The Eagle Laundry Company ", whereas the respondent has determined that 50 percent of the net income of such partnership should be included in computing petitioner's net income for these years.

In prior proceedings before this Board, which were also consolidated, petitioner made the same contention to the effect that only 25 percent of the profits of the Eagle Laundry Co. were taxable to him during the years 1920 to 1923 under section 218 (a) of the Revenue Acts of 1918 and 1921. The Board held against petitioner (19 B.T.A. 621), but was reversed by the United States Circuit Court of Appeals for the Sixth Circuit. *Leininger* v. *Commissioner*, 51 Fed. (2d) 7. The United States Supreme Court granted a writ of certiorari and reversed the decree of the Circuit Court and affirmed the decision of the Board. *Burnet* v. *Leininger*, 285 U.S. 136.

At the opening of the hearing in the instant proceedings counsel for the respondent moved for judgment on the ground that the deci-

sion of the Board in *Charles P. Leininger*, 19 B.T.A. 621, affirmed by the Supreme Court in *Burnet* v. *Leininger*, *supra*, was *res judicata*. The motion at first was overruled, but during the course of the hearing the order overruling the motion was withdrawn and the question taken under advisement. The hearing then proceeded on the understanding that the Board would hear all of the evidence and after the briefs were filed the first law issue to be decided would be whether the final decision in the earlier proceedings is *res judicata* in the instant proceedings. If it is, then our decision in the present proceedings must be for the respondent; and, if it is not, then we must consider petitioner's contention *de novo* on the basis of all of the evidence in the record.

At the outset, it is of vital importance to note that in the application of the doctrine of *res judicata* the first inquiry should be whether the proceedings now before us are upon the same cause of action as was litigated in the former proceedings, or upon a different cause of action. This essential distinction is clearly stated by the Supreme Court in the early case of *Cromwell* v. *County of Sac*, 94 U.S. 351, 352.

Since the instant proceedings involve taxes for the years 1924 to 1929, and the earlier proceedings involved taxes for the years 1920 to 1923, the case at bar is for a different cause of action. *Tait* v. *Western Maryland Ry. Co.*, 289 U.S. 620.

Where the second case between the same parties or their privies is for a different cause of action, as is the situation in the instant proceedings, the earlier judgment is conclusive only as to the precise facts, rights, questions or issues adjudicated in the earlier case that are again the facts, rights, questions or issues presented for adjudication in the second case. *Cromwell* v. *County of Sac, supra; Russell* v. *Place*, 94 U.S. 606; *New Orleans* v. *Citizen's Bank*, 167 U.S. 371, 398; *Southern Pacific R.R. Co.* v. *United States*, 168 U.S. 1, 48; *Tait* v. *Western Maryland Ry. Co., supra; Mary Haller*, 26 B.T.A. 395.

In *Southern Pacific R.R. Co.* v. *United States, supra*, the Supreme Court said:

> The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.

And again, in *New Orleans* v. *Citizen's Bank, supra*, the Supreme Court said in the majority opinion:

> The second question, then, is this: Were the final judgments which held that there was no power to levy the taxes on the Citizen's Bank for the years

1886 and 1887 based upon the identical claim of exemption now asserted by the bank in order to defeat the taxes here in question? * * * The estoppel resulting from the thing adjudged * * * exists * * * when the question upon which the recovery of the second demand depends has under identical circumstances and conditions been previously concluded by a judgment between the parties or their privies * * *. It follows that the mere fact that the demand in this case is for a tax for one year, and the demands in the adjudged cases were for taxes for other years, does not prevent the operation of the thing adjudged, if in the prior cases the question of exemption was necessarily presented and determined upon identically the same facts upon which the right of exemption is now claimed.

Thus, it being clear that we have here in the instant proceedings different causes of action between the same parties from those which we had before us in *C. P. Leininger*, 19 B.T.A. 621, the issue we now have to decide is whether the question upon which the recovery of the demands now before us depends has, under identical circumstances and conditions, been previously concluded by a judgment between the same parties or their privies.

It will therefore be necessary to determine what issue and facts were before us in the former proceedings and what issue and facts are now before us in the present proceedings. An inspection of the pleadings in the former proceedings shows:

A. *Docket No. 15295.*

(1) Years 1920 and 1921.

(2) The error assigned for 1920 was as follows:

The Commissioner of Internal Revenue is in error–1–in the correcting of taxpayer's income for the year 1920 from the Eagle Laundry Company by an addition of $8,230.12 to the taxpayer's reported income from same source of $16,460.27, making a corrected total of $24,690.39.

The error assigned for 1921 was the same as for 1920, except for the amounts and the year involved.

(3) Paragraph (e) of the petition is in part as follows:

The taxpayer bases his appeal from this additional assessment on the following statement of facts: 1 – that the partnership owning and operating the Eagle Laundry Company while appearing on the books of record as C. P. Leininger and M. T. Monaghan, in reality consists of Charles P. Leininger and Mrs. Charles P. Leininger under a joint ownership agreement and * * *.

(4) Paragraph (e) 1 of the Commissioner's answer is in part as follows:

Admits that the partners owning and operating the Eagle Laundry Company in 1920 and 1921 appear on the books and records of the said Company to be C. P. Leininger and M. T. Monaghan. Denies that any other person or persons were members of said partnership at any time during the years 1920 or 1921.

B. *Docket No. 23917.*

(1) Years 1922 and 1923.

(2) Same situation existed here as stated in subparagraphs (2), (3), and (4) of paragraph A above.

The Board in its opinion in *C. P. Leininger, supra*, at page 623, stated:

The principal question for determination in these cases is whether petitioner is liable for tax on all of the profits of a one-half interest in a partnership or whether, under the facts his wife may return for taxation one-half of such profits.

In the opinion of the Supreme Court affirming our decision, Mr. Chief Justice Hughes says:

The question related to the income earned on respondent's share in a partnership, known as the Eagle Laundry Company, doing business in Cleveland, Ohio. By virtue of an agreement made with his wife, respondent insisted that she was a full equal partner with him in his interest in the partnership and that each should return and pay tax upon one-half of the income attributable to that interest.

An inspection of the pleadings in the proceedings now before us shows issues raised as follows:

A. *Docket No. 42819.*

(1) Years 1924, 1925, and 1926.

(2) Assignment of error paragraphs in the petition are as follows:

The determination of tax set forth in said notice of deficiency is based upon the following errors:

(a) The determination of the Commissioner that one-half of the Petitioner's share of the income from the partnership known as "Eagle Laundry Company" was erroneously omitted by the Petitioner from his income and included in the income of his wife, Mrs. Mary E. Leininger, for said year.

(b) The determination of the Commissioner that no partnership agreement existed between the Petitioner and his said wife with reference to the interest of the Petitioner in said partnership.

(c) The determination of the Commissioner that the entire interest of the Petitioner in said partnership was income to the Petitioner and not subject to a subpartnership agreement existing between the Petitioner and his said wife with reference to the interest of the Petitioner in said partnership.

(3) The petition was amended August 17, 1932, to strike out the above paragraphs (b) and (c) and substitute for the same the following:

(b) The determination of the Commissioner that petitioner's wife was not a member of the partnership known as Eagle Laundry Company and entitled to return one-fourth of the net income of said partnership as her own income.

B. *Docket Nos. 45140, 51037, and 63341.*

(1) Years 1927, 1928, and 1929, respectively.

(2) Original petition as amended substantially the same as in Docket No. 42819.

Thus it will be seen from the foregoing that in both proceedings, the one before us in *Charles P. Leininger, supra,* affirmed by the

Supreme Court in *Burnet* v. *Leininger*, *supra*, and in the present proceeding, the Commissioner has determined in all the taxable years involved that the interest of Charles P. Leininger in the Eagle Laundry Co. partnership was 50 percent and that he must therefore return 50 percent of the profits of the partnership as his own taxable income.

The petitioner in his pleadings in the former proceedings contended that his wife owned a one-half interest in his interest and that this made her a partner with him in his share of the partnership earnings and therefore the earnings from his 50 percent share in the Eagle Laundry Co. partnership should be equally returned by him and his wife, Mary E. Leininger. This contention we denied, and in so holding we were affirmed by the Supreme Court. Now the petitioner desires to shift his ground somewhat and claim that only 25 percent of the earnings of the Eagle Laundry should be taxed to him because he was only an actual partner to the extent of a 25 percent interest and that his wife, Mary E. Leininger, was an actual partner in the Eagle Laundry Co. to the extent of a 25 percent interest. He claims the right to do this on the ground that it presents an entirely new issue on facts not involved in the former proceeding.

As we have already pointed out, the years before us in the former proceedings were 1920 to 1923. The years now before us are 1924 to 1929. We have no doubt that if petitioner could prove that beginning with 1924 a new partnership agreement was entered into by which his wife became an actual partner in the Eagle Laundry Co. to the extent of a 25 percent interest and petitioner became a partner to the extent of only a 25 percent interest, he would be permitted to plead such an issue and offer proof in substantiation thereof and no doctrine of estoppel by judgment could prevent him from doing so. In such a case there would not only be a difference in the cause of action, in that the taxable years would be different, but there would be a new issue founded on different facts from those which existed in the prior years covered by the former proceedings. But petitioner does not contend that any new or different partnership agreement existed in the years 1924 to 1929 from that which existed in three of the years before us in the former proceedings, namely 1921, 1922, and 1923. He simply says that he did not raise any issue in the former proceedings as to his wife, Mary E. Leininger, being an actual partner in the partnership of the Eagle Laundry Co. during those years, but relied upon the defense that she was a subpartner in her husband's interest, and that, having failed in this issue, he now desires to raise the issue that his wife was an actual partner in the Eagle Laundry Co.

The respondent introduced the entire record of the earlier proceedings as evidence in the instant case. Petitioner does not challenge the correctness of any of the facts found in the earlier pro-

ceedings. We therefore adopt our earlier findings as a part of the findings in the instant proceedings.

The evidence which petitioner introduced in the instant case was in substance as follows:

The Eagle Laundry Co. was organized as a partnership in 1898, with C. P. Leininger and M. G. Monaghan, father of Marcus Monaghan, as partners. In 1904 M. G. Monaghan died and Mary T. Monaghan, mother of Marcus, Gertrude and Jane Monaghan, succeeded to his interest in the partnership. The partnership between petitioner and Mary Monaghan continued until late in 1920, or early in 1921, when Mary T. Monaghan conveyed her interests to her children.

On January 17, 1921, petitioner wrote Marcus A. Monaghan as follows:

I wish to acknowledge your letter of Jan. 10th, in which you notified me that the partnership existing between Chas. P. Leininger and Mary T. Monaghan, under the name of The Eagle Laundry, had been terminated on Dec. 29th, 1920, by your Mother.

In view of this, I would say that I am not willing to accept Gertrude, Jane and yourself as partners, and think negotiations should be started to adjust matters. Enclosed find copy of letter I am sending your Mother.

Gertrude and Jane, referred to in the above letter, together with Marcus, were the children of Mary T. Monaghan, to whom the mother had transferred by bill of sale her interest in the partnership, on or about December 29, 1920, as set out in our findings in the earlier proceedings.

At the same time that petitioner wrote the above letter to Marcus A. Monaghan, he also wrote Mary T. Monaghan as follows:

I am in receipt of a formal letter from Marcus, under date of January 10th, in which he states that on December 29th, 1920, you transferred to himself, Gertrude and Jane, your one-half interest in our partnershp operating as The Eagle Laundry.

I am sorry that after all these years our partnership should have been terminated without at least saying something to me about it. I feel that I have served faithfully; worked hard and efficiently, without a salary commensurate with the effort and results obtained. Of course, your action terminates our partnership, and I will not accept Marcus, Gertrude and Jane as partners, and I presume negotiations should be started at once to properly adjust this.

As a result of the two above mentioned letters, conferences were held to effect a new partnership agreement. Marcus A. Monaghan testified at the hearings and gave his version of these conferences to form a new partnership as follows:

Well, I can simply say that as a result of the conversations I had with Mr. Leininger, he agreed to carry on, stipulating however, that the arrangement which we had previously made, as far as my mother and father were concerned, that they were partners with me, and I represented them, should be in effect, and that the other partners interested should have nothing to say.

So, in trying to comply with that situation, I took the matter up with my sisters, and they agreed to it, to the extent that I should act as agent for them, and I reiterated to Mr. Leininger the result of my conference with them, and then he, on his part, for himself and for his wife, he owning a one-quarter interest, and she owning a one-quarter interest in the laundry, agreed to accept as partners—actual partners—my sisters and myself, we combined also owning a half interest, and I, on my part, agreed to accept Mr. Leininger and his wife as actual partners in the business.

Petitioner testified with reference to these conferences substantially the same as the above testimony of Marcus A. Monaghan. No written notice of any partnership agreement was ever filed with the State of Ohio or the County of Cuyahoga. Mary T. Monaghan died in 1923, after she had severed all partnership connections with the Eagle Laundry Co.

The return filed by the Eagle Laundry Co. for the year 1924 sets forth the partnership interests to be owned as follows:

C. P. & Mrs. Leininger _____ 50%
M. T. Monaghan _____ 50%

The partnership returns filed for the years 1925 to 1929, inclusive, show the ownership to be as follows:

C. P. Leininger _____ 25%
Mrs. C. P. Leininger _____ 25%
M. T. Monaghan _____ 50%

The individual income tax returns of the petitioner for the years 1924 and 1925 disclose the following with respect to partnership income:

Income from partnership, etc.:
C. P. and Mrs. Mary Leininger.

The individual returns of petitioner for the years 1926 to 1929 disclose the following:

Income from partnership, etc.:
The Eagle Laundry Company.

The individual income tax return filed by Mary Leininger for the year 1924 discloses the following with respect to partnership income:

Income from partnership, etc.:
C. P. and Mrs. Mary Leininger.

Mrs. Leininger's return for 1925 is blank while her returns for 1926 to 1929, inclusive, disclose partnership income to be from the Eagle Laundry Co.

Thus it can be seen from the foregoing recital of facts that all the evidence as to who were the partners in the Eagle Laundry Co. was available to petitioner in the former proceedings. The issue as to whether petitioner owned a 50 percent interest in the Eagle Laundry Co. and therefore should be taxed on 50 percent of the

profits, as respondent contended, necessarily involved the issue as to whether Mary E. Leininger was an actual partner in the Eagle Laundry Co. to the extent of a 25 percent interest, for if she was, then it is clear petitioner owned only a 25 percent interest therein and was taxable on only 25 percent of the profits. As we see it, notwithstanding there are some variations of terms and statement, the issue and facts in the former proceedings are substantially the same as those involved in the instant proceedings.

It seems to us that the situation we have before us is not unlike that in *Tait* v. *Western Maryland Ry. Co.*, *supra*, in which the Supreme Court affirmed the Circuit Court of Appeals in *Tait* v. *Western Maryland Ry. Co.*, 62 Fed. (2d) 933. In that case the Circuit Court, in affirming the District Court, said:

We are now asked to reexamine the evidence and reach a different conclusion, and the reasons given are that the evidence in the present case shows more clearly the gap between the present corporation and the one which originally issued the greater amount of the bonds; and also that this court did not fully appreciate the force of the facts in the former case which marked the difference between the present company and the one which immediately preceded it. We are not impressed by this argument, for if a question is actually and directly in issue and is judicially passed upon and determined in a suit, a party bound by the judgment cannot escape its effects by producing a new argument or new evidence in a subsequent action in support of the proposition decided against him. * * * If the appellee in the pending case is now permitted to produce additional evidence (which it may be said in passing was available at the first trial), to prove the point which was then relied on, the settled rule would be disregarded and the purpose of the doctrine of res adjudicata to put an end to litigation and to protect a successful litigant from a second trial of a controversy would be defeated.

Under the authorities above cited, we hold that the judgment of the Supreme Court in the former proceedings is an estoppel against the contentions made by petitioner in these proceedings.

Reviewed by the Board.

*Decision will be entered for respondent.*

SMITH dissents.