## LEININGER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7063.

Circuit Court of Appeals, Sixth Circuit.

Dec. 15, 1936.

Irwin N. Loeser, of Cleveland, Ohio (Mooney, Hahn, Loeser & Keough, of Cleveland, Ohio, on the brief), for petitioner.

Berryman Green, of Washington, D. C. (Frank J. Wideman, Sewall Key, and J. P. Jackson, all of Washington, D. C., on the brief), for respondent.

Before HICKS and SIMONS, Circuit Judges, and FORD, District Judge.

HICKS, Circuit Judge.

Petition by Charles P. Leininger to review decisions of the Board of Tax Appeals in assessing, on redetermination, deficiencies in income taxes of $2,030.19, $1,617.08, $2,110.92, $990.99, $1,162.69 and $558.01 for the years 1924, 1925, 1926, 1927, 1928, and 1929, respectively.

The statute [Revenue Act 1924, chapter 234, § 218(a), 43 Stat. 275] provides that the individual members of a business partnership shall be liable for the income tax upon their distributive share of the partnership profits.

Prior to 1920 petitioner owned a one-half interest in a partnership styled the "Eagle Laundry Company." The Commissioner found that for the years involved herein petitioner had failed to return one-half of the income from this 50 per cent. interest and made deficiency assessments accordingly. Petitioner's con-

tention, both before the Commissioner and the Board was, that in those years he owned only a 25 per cent. interest in the partnership, that his wife owned the other 25 per cent. interest formerly owned by him, and that he, therefore, was not assessable with the taxes thereon.

At the hearing before the Board respondent moved for judgment upon the ground that the former decision in Leininger v. Com'r, 19 B.T.A. 621, reversed by this court [Leininger v. Com'r, 51 F.(2d) 7] but affirmed in Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665, was res adjudicata. The Board held that the judgment of the Supreme Court constituted an estoppel against the contention of petitioner.

We concur in that view.

The former proceeding was likewise between petitioner and the Commissioner and the controversy was the same as that presented here, i. e., whether petitioner owned a 50 per cent. interest in the partnership. However, the deficiencies assessed in the former case were for the years 1920 to 1923, inclusive. Petitioner's contention in the former case was based upon a written agreement made during the latter part of 1920 confirmatory of a pre-existing oral agreement, between petitioner and his wife, "wherein it was acknowledged that petitioner's wife had been and was a full equal partner with him in the interest in the Eagle Laundry Company, entitled to share equally in the profits and obligated to bear equally any losses." This agreement was retroactive as of January 1, 1920. The transfer was known to M. A. Monaghan, who represented the owners of the other 50 per cent. interest in the laundry company.

The Supreme Court held that this agreement between petitioner and his wife did not constitute her a member of the partnership; that he and not she was the firm member; and it affirmed the decision of the Board that petitioner was liable for the taxes on all the profits of a one-half interest in the partnership.

In the present case petitioner shifts his ground. His contention here is, not that Mrs. Leininger was a subpartner in his 50 per cent. interest, but that he owned only one-half of his original holdings and that his wife owned the other half as an actual partner in the laundry company itself. He introduced at this hearing testimony tending to show that in 1920 an agreement, retroactive as of January 1st, was effected between petitioner, representing himself and his wife, and Monaghan, representing himself and his sisters, who collectively owned the other 50 per cent. interest in the partnership, that Mrs. Leininger should be and was accepted as a partner along with petitioner, each owning a one-quarter interest in the business.

Assuming that this evidence was sufficient to reduce petitioner's interest in the partnership to 25 per cent., his difficulty is, that although this may have been his actual status at the beginning of the tax year 1920, the Supreme Court decided this very issue, that is, the extent of his interest, against him in the former proceeding and its decision is undoubtedly conclusive against his present contention, although different tax years are involved. See Tait v. Western Maryland Ry. Co., 289 U.S. 620, 623, 53 S.Ct. 706, 707, 77 L. Ed. 1405; United Shoe Mach. Corp. v. U. S., 258 U.S. 451, 458, 42 S.Ct. 363, 365, 66 L.Ed. 708; Bates v. Bodie, 245 U.S. 520, 526, 38 S.Ct. 182, 62 L.Ed. 444, L.R.A. 1918C, 355; Radford v. Myers, 231 U.S. 725, 730, 34 S.Ct. 249, 58 L.Ed. 454; Cromwell v. County of Sac, 94 U.S. 351, 370, 24 L.Ed. 195; Sutton v. Wentworth, 247 F. 493, 501 (C.C.A.1); Santos v. Moreda, 71 F.(2d) 608, 609 (C.C.A.1). The extent of petitioner's interest having been determined in the first suit, the question may not be relitigated in the second. If petitioner should now be permitted to introduce evidence available on the first hearing, or new evidence, or advance a different theory to sustain the contention decided against him in the first action, the purpose of res adjudicata would be frustrated. Southern Pac. R. Co. v. U. S., 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355; Tait v. Western Maryland Ry. Co., 62 F.(2d) 933, 935 (C.C.A.4). It must be kept in mind that petitioner introduced no evidence to indicate any change in his status at the beginning of the tax year 1924 except the returns of the partnership and the individual returns of himself and wife for that and subsequent years. Without discussing these returns in detail, it is sufficient to say that for such purpose they are without probative force.

Petitioner urges that res adjudicata does not apply to orders of the Board. It is enough to say that the doctrine does apply to decisions of the Supreme Court.

The order of the Board of Tax Appeals is affirmed.