Ward Kremer v. Commissioner.
Kremer v. Commissioner
Docket No. 3871.
United States Tax Court
1944 Tax Ct. Memo LEXIS 6; 3 T.C.M. (CCH) 1322; T.C.M. (RIA) 44405; December 22, 1944
*6 The determination in Ward Kremer, Docket No. 105838, dated April 20, 1942, that Kremer was not an employee of the City of Asbury Park, New Jersey, and that the compensation received by him from that city in 1936 was not exempt from taxation, is not res judicata of this proceeding. Petitioner received compensation from the City of Asbury Park, during the taxable years 1937 and 1938, for services rendered by him as special counsel, refunding counsel, and refunding agent. Held, petitioner was not an employee of the city and the compensation paid him by the city is subject to taxation. Ward Kremer, pro se, 601 Bangs Ave., Asbury Park, N.J., and Hyman Besser, C.P.A., for the petitioner. Robert S. Garnett, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax for the years and in the amounts as follows: Taxable Year
Income Tax
1937
$ 1,549.49
1938
14,663.84
Two questions are presented: (1) Whether petitioner is estopped by the judgment in the case of Ward Kremer, Docket No. 105838, entered April 20, 1942, from asserting in the instant proceeding that the Commissioner erred *7 in including as part of his taxable income for the taxable years 1937 and 1938, compensation received by him from the City of Asbury Park, New Jersey, and (2) whether petitioner was an employee of the City of Asbury Park in 1937 and 1938. At the hearing respondent conceded that petitioner sustained a capital loss in 1938, due to the worthlessness of certain stock owned by him. This concession will be given effect under Rule 50. Finds of Fact Petitioner is a resident of Asbury Park, New Jersey, where he has been engaged in the practice of law since 1914. He filed his income tax returns for the taxable years 1937 and 1938 with the Collector of Internal Revenue for the first district of New Jersey. In 1935 the City of Asbury Park, hereinafter referred to as the city, experienced financial difficulties and was placed under the jurisdiction of the New Jersey Municipal Finance Commission. The city was in default on its outstanding bonds and was involved in difficult litigation in trying to straighten out its financial affairs. In 1935 petitioner had been retained as special counsel to perform certain legal work for the city. Petitioner's work was mainly connected with the formulation *8 of a refunding plan and securing the necessary approvals. He also drew contracts and represented the city in certain litigation, other than that involving its bonded indebtedness, and represented the city on some administrative matters. Petitioner received no fixed salary, but was paid the value of his services as agreed upon by the parties. A refunding plan was approved on July 31, 1937, by the New Jersey Supreme Court. The plan had been submitted to the Court early in 1936, and petitioner had represented the city before the Court. In the latter part of 1936 or early in 1937, after a conference with the city officials, petitioner was appointed refunding agent. At that time petitioner advised the city officials that he did not feel any salary could be paid him that would compensate him adequately for the work he was expected to do. He was advised to go ahead with the work and the city would pay what was right in accordance with the work done. Petitioner had no written contract with the city. During the taxable years 1937 and 1938, petitioner's efforts in behalf of the city were principally directed toward the accomplishment of the refunding plan and placing it in operation. There *9 were many conflicts among various bondholders' committees, the Municipal Finance Commission, and the city authorities with regard to the plan. He worked to bring about agreement among the various groups. Though the refunding plan had been approved by the New Jersey Supreme Court, it was necessary that 85 per cent in amount of the bondholders agree to the plan before it could be declared operative. Petitioner rendered other services to the city during the same period. He handled legal matters relating to the sale of property acquired by the city on foreclosure of tax title liens, contracts connected with the leasing of city property, and litigated certain cases in which the city was a party. In his work for the city the petitioner used his own judgment, discretion and his best professional skill to obtain the desired results. The refunding plan was declared operative in June 1938. Thereafter petitioner's duties as refunding agent continued. Petitioner worked in close cooperation with the mayor, city manager, and the city council. He reported to the mayor as to the progress of his work and he conferred frequently with the mayor or city manager as to the cases or problems upon which *10 he was working. Petitioner received general instructions from them concerning the course of his work. He devoted a substantial part of his time to the work of the city. No fixed salary was ever agreed upon, but petitioner was paid fees for the work performed. Petitioner submitted vouchers, generally on a quarterly basis, to the city. The vouchers reflected the work done and the fees asked by him. After necessary approvals, the vouchers were paid. He submitted vouchers for expenses incurred by him in handling the city's work and they were paid by the city. Petitioner took no oath of office, nor were his duties prescribed by law. There was no fixed term for petitioner's services to the city, but he was engaged at the pleasure of the governing body. He had no regular hours of employment, and he was not furnished an office, supplies, or assistants by the city. Petitioner did not furnish any bond to the city in connection with the work he performed. The firm of M. M. Freeman & Company, a bond house in Philadelphia, Pennsylvania, was the refunding agent for the city prior to the time the work was turned over to petitioner. The City of Asbury Park employed a regular city attorney, appointed *11 pursuant to statute. This position was not held by petitioner, but was held by a different person. In 1937 the city paid the petitioner $23,764.85, and in 1938 the city paid him the total sum of $69,482.93. Of the 1938 payment, approximately $12,000 represented reimbursement for expenses paid by petitioner while representing the city, $25,000 was for services as refunding counsel and $15,000 for services as refunding agent. The fees for refunding services paid to petitioner were approved by the Municipal Finance Commission of New Jersey, and were for services rendered in 1937 and 1938. Petitioner maintained a private law office and he always had one or two younger lawyers to whom he assigned work. During 1937 petitioner received $17,501.97 from clients other than the city, and in 1938 he received $15,172.22 from other clients. Some part of these fees was for services rendered to clients in prior years. The petitioner in the instant case is the same individual that petitioned the United States Board of Tax Appeals for redetermination of his tax liability for the year 1936, in the case of Ward Kremer, Docket No. 105838. In that case the petitioner alleged error on the part of *12 the Commissioner in including as part of his taxable income in 1936, $21,500 received by him in that year for services rendered as special counsel to the City of Asbury Park, New Jersey, (Pet. Docket No. 105838). In its Memorandum Findings of Fact and Opinion entered in the case of this petitioner for the year 1936, Docket No. 105838, on April 20, 1942, the Board stated the sole issue was whether the $21,500 received by the petitioner from the City of Asbury Park was constitutionally exempt from Federal income tax, the petitioner contending that the said amount was received as compensation for services rendered by him as an employee of a political subdivision of the State of New Jersey. In its opinion in that case the Board said: "Under the facts we think petitioner must be regarded not as an officer or employee of the city, but an independent contractor. The claimed immunity from tax must therefore be, and it is denied. * * *" The Board's decision was entered on April 20, 1942, and on November 15, 1943, an order was entered by the United States Circuit Court of Appeals for the Third Circuit docketing and dismissing the petition for review filed by the petitioner, for failure of *13 petitioner to prosecute. Opinion ARUNDELL, Judge: The issue upon its merits concerns the correctness of the respondent's action in refusing to exempt from Federal income taxation the compensation received by the petitioner from the City of Asbury Park, New Jersey, during the years 1937 and 1938. Respondent interposed the plea of res judicata and contends that the petitioner is estopped to assert error in the instant proceeding by reason of the judgment entered on April 20, 1942, in the case of Ward Kremer v. Commissioner, Docket No. 105838. In the former case, Docket No. 105838, involving the taxable year 1936, we held that petitioner was not an officer or employee of the City of Asbury Park, in 1936, but an independent contractor and we denied his claimed immunity from Federal income taxation. The instant proceedings involve the taxable years 1937 and 1938, whereas, the earlier case involve the taxable year 1936, hence, we are concerned with a different cause of action. Tait v. Western Maryland Ry. Co., 289 U.S. 620, 77 L. Ed. 1405, 53 S. Ct. 706. In such circumstances the earlier judgment is conclusive only as to the facts, rights, questions, or issues adjudicated *14 in the earlier case which are again the facts, rights, questions, or issues presented for adjudication in the second case. Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L. Ed. 195; Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 48, 42 L. Ed. 355, 18 S. Ct. 18; Charles P. Leininger, 29 B.T.A. 874. The applicable statutes and the parties are the same as in the prior proceeding. While some aspects of the facts and issues before us bear a close resemblance to those that were before us in the earlier case, nevertheless, the instant proceeding is not only concerned with the receipt of income by petitioner for services rendered to the city as special counsel, but also for services as refunding agent and refunding counsel. In the circumstances, we think the petitioner is not estopped by the former judgment, which determined only his relationship with the city as special counsel in 1936. Turning to the merits of the instant case, the question before us is whether petitioner was an employee of the city during the taxable years 1937 and 1938, so that the compensation which he received would be exempt from income tax. [1]
*15 We are not persuaded by petitioner's argument or by the cases cited and relied upon by him. Petitioner was not employed by the city pursuant to any statutory authority, his duties were not prescribed by law, the rate at which he was to be compensated was not fixed prior to actual payment, and when paid, it was on the basis of vouchers reflecting the work performed and the value of the services set by petitioner, and agreed to by the proper city officials. Petitioner took no oath of office, he had no regular hours of employment, nor was he furnished office quarters, or equipment by the city. Petitioner has placed great emphasis upon the control exercised over his work by the mayor, city manager, and the city council. We agree that control by an employer is a major factor in determining whether the relationship is that of employee-employer, but we are unable to find that petitioner was sufficiently under the direction and control of the city officials as to denote that relationship. It may be, as he urges, that he reported frequently or regularly to the mayor as to the progress of his work; that he discussed city problems with him and obtained instructions concerning the work he was *16 doing for the city; but, we think such control is no more than is exercised by an intelligent client. In his work for the city the petitioner used his own judgment, discretion, and his best professional skill to obtain results. The liberty of action which he enjoyed while performing services for the city, excludes the degree of control which denotes the employer-employee relation. The compensation paid to petitioner by the city amounted to $23,764.85 in 1937, and $69,482.93, including approximately $12,000 reimbursement for expenses in 1938. The whole relationship between petitioner and the City of Asbury Park bespeaks that of lawyer and client, rather than an employee-employer relationship. Petitioner was simply a lawyer retained by the city. As special counsel or refunding counsel for the city, he was not an agency through which the sovereign power of the state was being immediately and directly exercised so as to confer immunity as to the compensation received by him for the services he rendered. Petitioner asserts that of the compensation received from the city in 1938, some $15,000 was for services rendered by him as refunding agent and that in such capacity he was an employee *17 of the city. The city's refunding plan was declared operative in June 1938. Petitioner took no oath, he furnished no bond, nor was he provided with an office by the city. It does not appear exactly what his duties or responsibilities were. The fact that the city council passed a resolution appointing petitioner refunding agent, does not per se signify that he became a city employee. The refunding agent prior to the petitioner was the firm of M. M. Freeman & Company, a bond house in Philadelphia, Pennsylvania. We are not persuaded that the compensation received by him as refunding agent should be treated differently from the other sums paid him by the City of Asbury Park. It is settled doctrine that one of a class subject to taxation claiming the benefit of an exemption, whether under law or regulations, or arising out of the want of power to tax, must bring himself exactly within the exemption he claims. Register v. Commissioner, 69 F.2d 607, and cases cited thereunder. Petitioner has failed to establish his claimed immunity. It follows that the determination of the Commissioner must be sustained. Decision will be entered under Rule 50. *18 Footnotes
1. Regulations 94, Article 116-2, as amended by T.D. 4787↩, and Regulations 101, Article 116-2.