Neil J. Driscoll and Regina G. Driscoll v. Commissioner.
Driscoll v. Commissioner
Docket No. 3882-70.
United States Tax Court
T.C. Memo 1972-105; 1972 Tax Ct. Memo LEXIS 150; 31 T.C.M. (CCH) 418; T.C.M. (RIA) 72105; May 8, 1972, Filed. Neil J. Driscoll, pro se, 20980 Costanso St., Woodland Hills, Calif.Jonathan Brod, for the respondent. SCOTT
Memorandum Opinion SCOTT, Judge: Respondent determined deficiencies in petitioners' income taxes for the calendar years 1965 and 1966 in the amounts of $3,786.00 and $143.68, respectively. On August 6, 1971, respondent filed a motion for leave to file an amendment to answer raising the issue of collateral estoppel and a motion for "Hearing in the First Instance" on the issue of collateral estoppel. Both motions were granted. The amendment to answer raising the issue of collateral estoppel was filed on October 6, 1971, and this case was tried on the severed issue of collateral estoppel. Therefore, the sole issue now for decision is whether petitioners are collaterally *151 estopped by a decision involving the year 1964 of the United States District Court for the Central District of California from litigating for the years 1965 and 1966 the question of whether a valid partnership existed between petitioner Neil J. Driscoll and his nine minor children, and if a valid partnership did exist, whether the income from royalty payments received from that partnership was taxable as ordinary income or capital gain. Most of the facts were stipulated and are found accordingly. Petitioners are husband and wife who resided in Woodland Hills, California at the time of the filing of the petition herein. Petitioners filed joint Federal income tax returns for the calendar years 1965 and 1966 with the district director of internal revenue, Los Angeles, California. In their petition, petitioners made the following assignments of error and allege the following facts: 4. The determination of taxes set forth in the Notice of Deficiencies is based upon the following errors: (a) In determining the taxable income of the petitioners for the year 1965, the 419 Commissioner erroneously included, in the determination of said taxable income, full partnership profit *152 from Colonial Electric and Specialty Co. in the amount of $14,422.88 before partnership distribution * * * (b) In determining the taxable income of the petitioners for the year 1965, the Commissioner erroneously included, in the determination of said taxable income, realized capital gain from patent royalties in the total amount of $4,904.00 before capital gains deductions * * * (c) In determining the taxable income of the petitioners for the taxable year 1965, the Commissioner erroneously only allowed a medical deduction of $485.00 rather than the $776.00 claimed by petitioners, thus increasing petitioners' taxable income in the amount of $291.00 * * * (d) In the alternative, in determining the taxable income of the petitioners for the year 1965, and refusing to recognize petitioners' family partnership with their children * * * the Commissioner erroneously included, in the determination of said taxable income, an amount of $7,261.44 which represents a reasonable fair market value rental for the use of the capital property (tools, dies, jigs, fixtures, office equipment, etc.) actually paid to the owners of fifty percent of that capital, i.e., the children of the petitioners, *153 by Colonial Electric and Specialty Co. (e) In determining the taxable income of petitioners for the year 1966, the Commissioner erroneously refused to allow partnership distribution of $4,897.62 paid by Colonial Electric and Specialty Co. to petitioners' children (i.e., partners) and erroneously included in the determination of said taxable income, full partnership profit in the amount of $9,795.24 before partnership distribution * * * (f) In determining the taxable income of petitioners for the year 1966, the Commissioner erroneously refused to allow, in the determination of said taxable income, realized capital gains from patent royalties in the amount of $3,493.04 before capital gains deductions * * * (g) In determining the taxable income of petitioners for the year 1966, the Commissioner erroneously refused to allow, in the determination of said taxable income, a medical deduction of $2,505.36 and only allowed a medical deduction of $2,306.03, thus increasing petitioners' taxable income in the amount of $199.33 * * * [1]
(h) In the alternative, in determining the taxable income of the petitioners for the year 1966, *154 and refusing to recognize petitioners' family partnership with their children * * * the Commissioner erroneously included in the determination of said taxable income, an amount of $4,235.00 which represents a reasonable fair market value rental for the use of the capital property (tools, dies, jigs, fixtures, office equipment, etc.) actually paid to the owners of fifty percent of that capital, i.e., the children of the petitioners, by Colonial Electric and Specialty Co. 5. The facts upon which the petitioners rely as the basis of this case are as follows: (a) Petitioner, Neil J. Driscoll, in about 1960, designed and filed patent applications on electrical switches and organized a company to manufacture the switches, i.e., Colonial Electric & Specialty Co. as a proprietorship (hereinafter referred to as "Colonial"). (b) Subsequent to 1960 and prior to March 15, 1963, capital property (tools, dies, jigs, fixtures, equipment, etc.) were acquired to facilitate manufacture and acquire inventory. (c) On March 15, 1963, Neil J. Driscoll conveyed, in writing, a fifty percent interest in said capital property to his nine minor children, to hold in their own right in equal shares. *155 (d) On or about February 6, 1964, Colonial made application to the Federal government and the State of California for employment numbers and stated therein that the Colonial company was a partnership and listed petitioner Neil J. Driscoll and his nine minor children as partners. (e) In 1965, for the calendar year 1964, a partnership return was filed for Colonial and partnership profit was distributed in the following manner: $5,034.21 to petitioner Neil J. Driscoll and $5,034.21 to petitioners' nine minor children in equal shares. * * * (h) In 1966, for the calendar year 1965, a partnership return was filed for Colonial and partnership profits were distributed in the following manner: $7,161.44 to the petitioner Neil J. Driscoll and $7,161.44 to petitioners' nine minor children in equal shares. * * * (k) In April 1966, when the property interest of the petitioners' nine minor children exceeded $2,000.00 each (as required by California Probate Code, Chapter 2, Section 1430) guardianship was promptly petitioned and the children's property interest placed under the control of the California Superior Court. 420 (l) In 1966 a California corporation was formed under the style *156 of Colonial Electric & Specialty Co., Inc. and the capital property used by Colonial was transferred thereto, the nine minor children of petitioners receiving fifty percent of the capital stock of said corporation in consideration of their interest. The corporation assumed the Colonial business as of August 1, 1966. (m) In 1967, for the calendar year 1966, a partnership return was filed for Colonial and partnership profits due and owing petitioner Neil J. Driscoll in the amount of $4,897.62 and $4,897.62 due and owing petitioners' nine minor children were retained in the Colonial corporation. These amounts were subsequently repaid by the corporation with interest to the receivers at the rate of 5 1/4%. (n) There is a valid family partnership qualifying under Title 26 USC (1954 I.R.C.) Section 704(e). (o) Petitioner Neil J. Driscoll received patent royalties in the amount of $3,493.00 from Colonial for the calendar year 1966. (p) Reasonable fair market rental values should be paid to the owners of property used in a viable business. Respondent determined deficiencies in petitioners' Federal income tax in the amount of $2,252.72 for calendar year 1964. *157 Petitioners paid the deficiency on or about April 7, 1967, and filed a suit for refund in the United States District Court for the Central District of California. This case was decided adversely to petitioners on July 7, 1969. Driscoll v. United States, an unreported case ( C.D. Cal. 1969, 69-2 USTC 9536, 24 AFTR 2d 69-5249). In a pre-trial conference order, the United States District Court for the Central District of California, found the following facts, among others, to be admitted and require no proof: H. That on March 15, 1963, plaintiff executed a document which purported to conduct the business of Colonial as a partnership between plaintiff and his nine children, plaintiff to have a fifty percent interest in capital and profits of the partnership and each child to have a one-eighteenth interest in same. I. That the March 15, 1963 document was executed by plaintiff and by Regina G. Driscoll, the latter as trustee for the children. J. That attached to the document were nine separate documents, all in the following form: GIFT UNDER THE CALIFORNIA UNIFORM GIFTS TO MINORS ACT. I, NEIL J. DRISCOLL, hereby deliver to Regina F. Driscoll, as custodian for under *158 the California Uniform Gifts to Minors Act, the following security, a 1/18th interest in the business known as Colonial Electric & Specialty Co. Regina F. Driscoll hereby acknowledges receipt of the above-described security as custodian for the above minor under the California Gifts to Minors Act. Dated: March 15, 1963. The security referred to above is evidenced by a Partnership agreement of even date herewith. K. That also attached to the March 15, 1963 document was an assignment of plaintiff's patent rights to the partnership, in consideration for which plaintiff was to receive a percentage of the gross receipts from the sale of switches by the partnership. L. That in March of 1963 the cash value of the assets of Colonial was approximately $3,500 to $4,000. At that time plaintiff's youngest child was approximately one month old and his oldest was thirteen years old. M. That on or abount February 6, 1964 plaintiff filed applications for employment numbers with the Department of Employment, State of California and the Internal Revenue Service, United States of America, in the business name of Colonial indicating therein that the owners were plaintiff and his nine minor children.
*159 N. That on December 30, 1964 savings accounts were established for each of plaintiffs' nine children under the account title of "Neil J. and Regina Driscoll, as trustees for [name of child]." The opening balances in each account were $550. O. That on December 31, 1965, new accounts were opened at the same bank with a deposit of $590 for each child under the account Title of "Regina Driscoll, as custodian for [name of child] under California Uniform Gifts to Minors Act." The old accounts were closed January 17, 1966 and the principal and interest from each old account were withdrawn and deposited in the new accounts. P. That on April 26, 1966, petition to have Regina Driscoll appointed legal guardian for the nine children and to have the court supervise the savings accounts was filed by plaintiffs with the Los Angeles Superior Court. 421 Q. That on May 13, 1966 the Court issued its order directing deposit of the amounts in the bank accounts in blocked accounts. The District Court stated the issues before it to be: (1) Was Colonial Electric and Specialty Company (hereafter referred to as Colonial) a partnership in 1964 which qualified under Section 704(e), Internal Revenue Code *160 or was it a sole proprietorship? (2) If a partnership was established during the year 1964, as claimed by plaintiffs, should royalty payments for that year from patents transferred by plaintiff, Mr. Driscoll, to Colonial be taxed as capital gains or as ordinary income? The District Court made the following findings of fact and conclusions of law: Findings of Fact 1. Plaintiff Neil J. Driscoll did not make in 1962 an oral transfer or binding agreement to transfer any part of Colonial Electric & Specialty Company to any member of his family, either in personal or representative capacity. 2. Plaintiff Neil J. Driscoll did not make an effective transfer of any interest in Colonial Electric & Specialty Company to either his wife or to any child under the Uniform Gifts to Minors Act in 1963. 3. Plaintiff Neil J. Driscoll did not make an effective gift or transfer of a partnership interest in Colonial Electric & Specialty Company to his wife, individually or in a representative capacity, or to any of his children in 1963, by means of the document entitled "partnership agreement." 4. No interest in Colonial Electric & Specialty Company vested in Neil J. Driscoll's wife in a *161 representative, fiduciary capacity for the children, or in any of the children at any time before or during 1964. 5. Plaintiff's children did not own an interest in the Colonial Electric & Specialty Company at any time during the year 1964. 6. Plaintiff did not create a trust in his wife to hold any interest in Colonial Electric & Specialty Company for the benefit of their children. 7. Plaintiff Regina G. Driscoll did not act under judicial supervision at any time prior to her appointment as guardian in 1966. 8. Plaintiff Neil J. Driscoll did not intend to transfer an interest in Colonial Electric & Specialty Company to his wife in trust for the children. 9. Any assignment of income from Colonial Electric & Specialty Company by plaintiffs to their children was a gift to the children of income previously included in plaintiffs' income. 10. At all times prior to incorporation of Colonial Electric & Specialty Company, plaintiff Neil J. Driscoll managed and operated the business. 11. Neither Regina G. Driscoll nor any of the children participated in the management of Colonial Electric & Specialty Company, and any consultations between plaintiff Neil J. Driscoll and plaintiff *162 Regina G. Driscoll concerning business matters was superficial. 12. Plaintiffs' children during the year in question lacked sufficient independence or maturity to be free to liquidate, to sell or withdraw a capital interest from the business. 13. Plaintiff Regina G. Driscoll lacked necessary independence to liquidate, to sell or withdraw any interest in the business held for the benefit of the children. 14. Plaintiff Neil J. Driscoll did not treat Colonial Electric & Specialty Company as a partnership in his business records and dealings, except to a minimal extent, during the year in question. 15. Any conclusion of law deemed as, or properly constituting, a finding of fact, is hereby adopted as a finding of fact. Conclusions of Law 1. The Court has jurisdiction over the subject matter and the parties hereto. 2. Plaintiff Neil J. Driscoll did not accomplish a gift of an interest in Colonial Specialty & Electric Company to any of his children either before or during the year in question, to wit, 1964. [2]
*163 3. Plaintiff Neil J. Driscoll did not transfer an interest in Colonial Electric & Specialty Company to his wife in trust for the benefit of the children. 4. The children in the year in question did not own any interests in Colonial Electric & Specialty Company. 5. Plaintiff Neil J. Driscoll did not transfer an interest to his children in Colonial Electric & Specialty Company by means of the California Uniform Gifts to Minors Act. 422 6. In the year in question, Colonial Electric & Specialty Company was a sole proprietorship of plaintiff Neil J. Driscoll. 7. Although a partnership is created under state law, it does not necessarily qualify for tax treatment as a partnership under the Internal Revenue Code. 8. To create a family partnership qualifying under Section 704(e) of the Internal Revenue Code, the complete transfer of an interest to the donee by way of a bona fide transaction is required, and such transfer must vest dominion and control of the partnership interest in the transferee. 9. There was no partnership created which qualified under Section 704(e) of the Internal Revenue Code. 10. Any finding of fact deemed *164 as or properly constituting a conclusion of law is hereby adopted as a conclusion of law. Judgment shall hereby be entered accordingly. The Memorandum Opinion of the District Court stated in part as follows: Mr. Driscoll admits that the alleged gifts to his children do not comply with the requirements of the California Uniform Gifts to Minors Act (Paragraph 4, Ex. 1) because such Act requires that where the gift is a security, gift thereof is not accomplished where the donor is the issuer. Sections 1155 and 1156, California Civil Code. Further, it does not appear that Mrs. Driscoll was properly appointed a "custodian", under said Gifts to Minors Act, of the alleged interests of the respective children and, therefore, she was not a fiduciary. It would follow that no partnership was created. Mr. Driscoll admits no partnership was created in 1962, as might be inferred from paragraph 1 of the Agreement because no effective delivery of any property interest was made to his children. The position of Mr. Driscoll, who is a lawyer, that the said Agreement vested legal title in the children is inconsistent with the provisions of the Agreement and with his statement attached to the *165 petition for guardianship, dated April 26, 1966, wherein he says the share interest of the minors vested in the mother as a fiduciary. The Court concludes that the application for guardianship indicates that Mr. Driscoll intended the legal interest to vest in the mother for the beneficial interest of the children. If no trust was created by Mr. Driscoll, and that is his contention, the alleged gifts to the children were not accomplished. * * * Plaintiffs take the position that there was no requirement for the appointment of a guardian for the children until 1966 because the property of each minor was of a value less than $2,000.00, citing California Probate Code Section 1430. The evidence does not show compliance with this Section on the part of Mrs. Driscoll nor does it appear the value of the children's respective interests was less than $2,000.00. The evidence does not support plaintiffs' contention that valid, completed gifts were made to the children and that they owned an interest in the partnership during the year 1964, the period in issue. It is to be noted that there is no evidence that a Federal or State Gift Tax Return was ever filed by plaintiffs, *166 or either of them. The Court concludes that the Agreement of 1963 failed to accomplish the gift as alleged. Plaintiffs deny that the interests were placed in trust for the benefit of the children, which conclusively shows the lack of one of the required elements for the creating of a trust, to wit, intent. Furthermore, it does not appear Mrs. Driscoll was acting under judicial supervision until she was appointed the children's guardian in 1956. Any assignment to the children of income from the business would have been gifts under the California Uniform Gifts to Minors Act but would have been previously included in the income of Mr. Driscoll since there is a failure of attempted gifts of business interests to the children in 1963. Mr. Driscoll obviously thought he had complied with the California Uniform Gifts to Minors Act by his Agreement, as evidenced by paragraph 4 thereof. The Judgment of the Court was entered on July 7, 1969, dismissing petitioners' complaint before the United States District Court. Petitioners filed a notice of appeal, appealing the decision of the United States Court for the Central District of California to the United States Court of Appeals for the *167 Ninth Circuit. The appeal was dismissed with prejudice to the plaintiffs therein by stipulation of the parties on September 22, 1969. Where a taxpayer's liability relating to a particular tax year is litigated before a court of competent jurisdiction, a judgment, on the merits is res judicata in any subsequent proceeding involving the same cause or demand and the same taxable year. Commissioner v. Sunnen, 333 U.S. 591 (1948). A judgment rendered with respect to a taxpayer's liability for taxes in one year is not res judicata as to 423 his tax liability for another taxable year since each taxable year is the origin of a new tax liability and a separate cause of action. Commissioner v. Sunnen, supra.However, under the principle of collateral estoppel, the parties are bound in a subsequent proceeding by a determination in a prior suit "when the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." Commissioner v. Sunnen, supra. In Theodore B. Jefferson T.C. 963, 967 (1968), we observed: Collateral estoppel "rests *168 upon considerations of economy of judicial time" and operates "to relieve the government and the taxpayer of 'redundant litigation of the identical question of the statute's application to the taxpayer's status.'" Commissioner v. Sunnen, 333 U.S. 591, 597, 599 (1948). In other words, a taxpayer should have his "day in court," but if he fails to establish his claim, he should not be afforded another opportunity in subsequent litigation, provided, of course, as stated above, that his adversary properly objects, to shore up deficiencies in the evidence which defeated his claim. * * * Petitioners herein litigated before the United States District Court for the Central District of California in a case involving the taxable year 1964, the questions of (1) whether an effective transfer to petitioners' children of any interest in Colonial Electric and Specialty Co. (hereinafter referred to as Colonial) occurred so as to result in a valid family partnership which was recognizable for tax purposes, and (2) whether certain royalty income was taxable to petitioners as capital gains or ordinary income. Both issues were decided adversely to petitioners. The second issue was dependent *169 on the first since capital gains from the royalty income was claimed by petitioners in that suit as in this one, only if there was a valid partnership between petitioner Neil J. Driscoll and his children to which Driscoll's patents had been assigned. Petitioners are not entitled to relitigate herein the issues litigated before the United States District Court as to the year 1964, absent a change in the controlling facts or the applicable law. Petitioners assert that their continuing course of action in recognizing the gift of the interest in Colonial to their nine minor children, the filing of partnership returns in 1965 and 1966, and the petitioning for guardianship in the California Superior Court in April 1966 present a different factual situation from that which was presented to the United States District Court. We do not agree. Neither petitioners' continuing course of conduct in recognizing the family partnership nor the fact that partnership returns were submitted in taxable years subsequent to the year under consideration in the prior proceeding, is indicative of a "change" in the factual situation. Leininger v. Commissioner, 86 F. 2d 791 (C.A. 6, 1936), affirming *170 29 B.T.A. 874 (1934). The fact that the guardianship was petitioned for in the California Superior Court in 1966 was before the United States District Court in the prior proceeding. However, neither in that case nor in this case, is the guardianship petitioned for in 1966 the basis on which petitioner contends a partnership with his children exists. Petitioners rely in this case, as they did in the District Court case, on the March 15, 1963, agreement as creating the partnership. Therefore, the creation of the guardianship in 1966 does not cause a change in the controlling facts. Petitioners state that an alternative contention is presented in this case which was not presented in the prior proceedings. Petitioners assert that the amounts which had been treated by petitioners as the distributive share of partnership income of their nine minor children was, in the alternative, "a reasonable fair market value rental for the use of the capital property (tools, dies, jigs, fixtures, office equipment, etc.) actually paid to the owners of 50 percent of that capital, i. e., the children of the petitioners, by Colonial Electric and Specialty Co." Petitioners' alternative position *171 is predicated, as is their primary position, on a transfer by petitioner Neil J. Driscoll of a capital interest in the assets of Colonial to his nine children. The findings of fact and conclusions of law announced by the United States District Court state that Neil J. Driscoll did not make an effective transfer of any interest in Colonial to his children. Therefore, petitioners are precluded from litigating the alternative contention raised in their petition by the findings of fact and conclusion of law of the United States District Court in the prior proceeding. The claim by petitioners that Neil J. Driscoll made a transfer of a capital interest in Colonial to his children raised the identical question of fact raised in the prior case. Since determination of 424 that question of fact was essential to the judgment in that case, petitioners are barred by the doctrine of collateral estoppel from litigating their alternative contention. See Morrisdale Coal Mining Co. 19 T.C. 208, 227 (1952). There are no facts alleged in this case which did not exist and were not presented in the prior proceeding before the United States District Court. Since the applicable and controlling *172 facts have remained the same, Jones v. Trapp, 186 F. 2d 951, 954 (C.A. 10, 1950), and the substantive law has remained unchanged, Fairmont Aluminum Co., 22 T.C. 1377 (1954) aff'd. 222 F 2d 622 (C.A. 4, 1965), the doctrine of collateral estoppel by judgment is applicable in this case. Therefore, petitioners are estopped from denying that no valid partnership existed between petitioner Neil J. Driscoll and his minor children and that petitioners' children had no capital interest in Colonial. We therefore conclude that because petitioners are estopped to deny the ultimate facts decided adversely to them by the United States District Court and no other issues are raised by the pleadings in this case, the deficiencies as determined by respondent should be sustained. Decision will be entered for respondent. Footnotes
1. These issues are purely questions of computation.↩
2. The year recited in finding of fact Nos. 4 and 5 was changed by stipulation of the parties and Order of the Court. The year recited in conclusion of law No. 2 was changed by stipulation of the parties and Order of the Court. Those changes were not reflected as reported at 24 A.F.T.R. 2d 69-5249 and 69-2 USTC 9536↩.